# State *v.* Warford.

*Indictment for selling Spirituous Liquors in Violation of Local Prohibitory Law.*

1. *Amending and repealing statutes.*—A statute enacted in 1856 having been amended in 1868, and thereby repealed under the constitutional provisions then in force, a subsequent statute of 1885, amending the statute of 1856 by date and title, but not mentioning the former amendatory law, supersedes and repeals such amendatory law.

Appeal from Hale Circuit Court.

Tried before Hon. John Moore.

The indictment in this case charged appellee with a violation of a liquor prohibition law embraced in an amendment to the charter of the Southern University at Greensboro, Alabama, by an act of the General Assembly approved February 17th, 1885.—Acts 1884–85, p. 740.   Defendant demurred to the indictment.   The court sustained the demurrer and the State appealed.   The grounds of demurrer and reasoning in support thereof will be found in the brief of counsel for appellee.

Thomas R. Roulhac, for appellee.—The defendant demurred to the indictment upon the ground *inter alia* that the act of February 17, 1885, is unconstitutional and void. Two reasons are urged for this position:   1st. The act of February 17, 1885, undertook to amend a section of the act of January 23, 1856, that by the terms and operation of the constitution of 1868 which, as decided by this court, went into effect in June, 1868, had been repealed by an act of December 31, 1868 (Acts 1868, p. 561),   2d. That the title of the act of February 17, 1885, in omitting any reference to the act of December 31, 1868, did not clearly express the subject of the act, to the extent of a repeal of the last named statute.   The state of all the laws bearing on this subject is as follows:   Section 4 of the original act of January 23, 1856, in substance prohibited the sale of spirituous or intoxicating beverages in the town of Greensboro, or within five miles of its corporate limits, under certain penalties therein pre-

scribed, by any person except regular druggists and prac-
ticing physicians; and section 5 of said act prohibited drug-
gists and physicians from making such sales, except *bona
fide* for medicinal purposes only; and under no circumstances
to any student of said Southern University, except upon an
order of a member of its faculty, stating that such student
required the same for medicinal purposes; and peculiar
penalties were prescribed for violation of that section.
By the act of December 31st, 1868, the original statute
was amended by setting out sections 4 and 5 thereof, and by
adopting a new section, designated as section 4, which em-
braced the provisions of the original sections 4 and 5 that
were intended to be retained; and in substance prohibited
the sale of liquors or intoxicating drinks to students of
the University only, and affixed penalties for its violation.
The constitution of 1868 then in force, by the second sec-
tion of its fourth article provided, that "the style of the laws
of this State shall be: 'Be it enacted by the General Assem-
bly of Alabama.' Each law shall contain but one subject,
which shall be clearly expressed in its title; and no law shall
be revised or amended unless the new act contain the en-
tire act revised, or the section or sections amended; and
the section or sections so amended shall be repealed."
The effect of the clause of the constitution of 1868 just
recited, by its own terms and by repeated decisions of this
court, was to make the act of December 31st, 1868, *supra*,
repeal sections 4 and 5 of the act of January 23d, 1856.
After such repeal the act of February 17th, 1885, under-
took to amend sections 4 and 5 of the of the original act of
January 23, 1856, without either by its title or in its body
mentioning, or referring to, the amendatory act of December
31, 1868. The act of 1885 is entitled: "An act to amend an
act to incorporate the Southern University at Greensboro,
in the county of Greene, and for other purposes, passed Jan.
23, 1856, and an act amending same, approved Feb. 16, 1883."
It is insisted, 1st, that inasmuch as sections 4 and 5 of the
act of 1856 were repealed by the act of 1868, such sections
so repealed can not be afterwards amended; and, 2d, that the
title of the act did not clearly express its subject. Cited and
discussed Potter's Dwarris on Statutes and Constitutions,
160; *Sweman v. Sweman*, 1 Taunt. 292; *McArthur v. Dane*,
57 Ala. 448; Sec. 2, Art. IV, Const. 1868; *Wilkinson v. Ket-
ler*, 59 Ala. 310; Cooley on Const. Lim, 149–151; *Tusca-
loosa Bridge Co. v. Olmstead*, 41 Ala. 9; *Blake v. Brackett*,

[Ex parte Byrd.]

47 Maine, 28; *Ins. Co. v. Mayor, &c.*, 8 N. Y. 239; *The People v. O'Brien*, 38 N. Y. 193; *Ballentyne v. Wickersham*, 75 Ala. 541; *Mooy v. Randolph*, 77 Ala. 597; *Stein v. Leeper*, 78 Ala. 521; *Morgan v. The State*, 81 Ala. 72; *Rogers v. Torbet*, 58 Ala. 524; *Herr v. Seymour*, 76 Ala. 275; *Ogbourne v. Ogbourne*, 60 Ala. 619.

T. N. McCLELLAN, Attorney-General, and S. W. JOHN, for the State, cited *Wilkinson v. Ketler*, 59 Ala. 306.

STONE, C. J.—The question presented by this record is the same as that raised and considered in *Wilkinson v. Ketler*, 59 Ala. 306. We have no wish to change the ruling then made.—*Blake v. Brackett*, 47 Maine, 28; Cooley Const. Lim. *151–2.

Reversed, demurrer to indictment overruled, and cause remanded.

SOMERVILLE, J.—If the rule declared in *Wilkinson v. Ketler*, 59 Ala. 306, were under consideration by us for the first time, I should hesitate before giving my indorsement to it. But ten years have now elapsed since that case was decided, and the opinion has, no doubt, been acted on by the General Assembly in amending many of our public statutes, and not a few titles may have been acquired upon the faith of its correctness. It is, moreover, a conservative rule of constitutional construction. For these reasons I think it ought to be maintained, and I, accordingly, concur in the judgment announced by the Chief-Justice.