# *Ex parte* Pierce.

*Application for Mandamus to Probate Judge, on Refusal to grant License for Retailing Spirituous Liquors.*

1. *Prohibitory liquor laws in Butler county; amending and revising statutes.*—Beat No. 12 in Butler county was exempted from the operation of the general law regulating the granting of licenses to retail liquors, under the provisions of a special statute approved November 27th, 1886, which authorized a local election to determine whether or not the sale of liquors in that beat should be prohibited; another statute was approved February 19th, 1887, which prohibited the sale of liquors "within five miles of Goodwater Academy, Coosa county, and in the county of Butler except in Beat No. 12," while a general prohibitory law, applicable to the whole of Butler county, was approved on the 26th February, 1887, a subsequent day of the same session of the General Assembly; and each of these two acts went into effect on the 1st January, 1888. On the 20th February, 1889, during the next session of the General Assembly, the act of February 19th, 1887, was amended by excepting the town of Goodwater from its operation; but the amendatory law set out the title and the 1st section of the former act in full, including the exemption in favor of said Beat No. 12, and re-enacted it with the addition of a proviso excepting the town of Goodwater. *Held*, that the effect of this last statute was to revive the exemption in favor of said Beat No. 12, although it had been repealed by the general prohibitory law of February 26th, 1887.

[Ex parte Pierce.]

APPLICATION by petition on the part of William Pierce, for a writ of *mandamus* directed to Hon. L. M. LANE, probate judge of Butler county, requiring him to issue to the petitioner a license to retail spirituous liquors in the town of Greenville. The petitioner had complied with all the statutory pre-requisites, and a license was refused solely on the ground that Greenville was governed by the general prohibitory law of February 26th, 1887, which went into effect on the 1st January, 1888, and by its terms applied to the whole of Butler county. An application for a *mandamus* was first made to Hon. JOHN P. HUBBARD, the presiding circuit judge, and was by him refused.

The case involves a consideration of the effect of the following statutes: (1.) By an act approved December 12th, 1882, the general law (Code, 1876, § 1544) was amended "so far as it relates to the counties of Pike, Butler and Coffee," by requiring the applicant for a license to retail spirituous liquors to produce the recommendation of a majority of the qualified electors residing in the precinct.—Sess. Acts 1882–3, p. 272. (2.) On the 27th November, 1886, this act was amended so far as it applied to Precinct No. 12, which includes the town of Greenville, by providing for an election in the precinct, to ascertain the sense of the people on the question of prohibition.—Sess. Acts 1886–87, p. 706. An election was held under the provisions of this act, and resulted in favor of "No Prohibition." (3.) On the 19th February, 1887, a later day of the same session of the General Assembly, an act was passed prohibiting the sale of liquor "within five miles of Goodwater Academy, Coosa county, and in the county of Butler except Beat No. 12 of said county;" but this act, by its terms, did not go into effect until January 1st, 1888.—Sess. Acts 1886-7, p. 695. (4.) On the 26th February, 1887, a still later day of the same session, another act was passed prohibiting the sale of liquor in Butler county generally, not making any exceptions; and this act went into effect on the 1st January, 1888. Sess. Acts 1886-7, p. 700. (5.) On the 20th February, 1889, an act was passed by the General Assembly amending the 1st section of said act of February 19th, 1887, by excepting the town of Goodwater from its provisions; the enacting part being as follows: "SEC. 1. *Be it enacted*," &c., "that section 1 of 'An act to prohibit the sale, giving away, delivery, transfer, parting with, procuring, or other disposition of spirituous, vinous or malt liquors, or any intoxicating

bitters or mixtures, within five miles of Goodwater Academy, Coosa county, and in the county of Butler except Beat 12 of said county,' approved February 19th, 1887, be amended so as to read as follows: SEC. 1. *Be it further enacted,*" &c., "that it shall be unlawful for any person to sell, give away, deliver, transfer, part with, procure, or otherwise dispose of spirituous, vinous or malt liquors, or other intoxicating bitters or mixtures, within five miles of Goodwater Academy, Coosa county, and in the county of Butler except Beat No. 12 of said county; *provided,* the provisions of this act shall not apply to social drinking in family circles; *and provided further,* that the provisions of this act shall not apply to the corporate limits of the town of Goodwater."—Sess. Acts 1888-9, p. 512. The second proviso to this act, and a third proviso, which has no connection with this case, show the only changes made in the amended act of February 19th, 1887.

CHAS. WILKINSON, for the petitioner, cited *Riggs v. Brewer,* 64 Ala. 285; *George v. Skeates & Co.,* 19 Ala. 738; *Wilkinson v. Ketler,* 59 Ala. 308; *Washington v. State,* 72 Ala. 276; Endlich on Statutes, § 187, p. 259.

PER CURIAM.—The present application presents a single question, namely: Whether the act approved February 20th, 1889—Sess. Acts, 512—repealed the prohibition statute for Butler county, approved February 26, 1887—Sess. Acts, 700-1. It is manifest that the two statutes are incompatible, and both can not stand. In such case, the rule is that the latest expression of the legislative will must dominate the older.

It is true, that the act of February 19, 1887—Sess. Acts, 195—had been superseded and repealed, so far as it affected Butler county, by the prohibitory enactment of February 26, 1887. After that time, the provision in the older statute, which exempted Beat No. 12 in Butler county from its operation, ceased to be the law. The act of •February 20, 1889, however, relieved the exemption of Beat No. 12 of the prohibitory provision, and restored it to its former *status.* Under our rulings, we feel constrained to hold that the act of February 20, 1889, revived and re-enacted section 1 of the act approved February 19, 1887, and thenceforth the prohibitory liquor law for Butler county was and is not of force in Beat No, 12 of that county.—*Wilkinson v. Ketler,*

[Carter v. The State.]

59 Ala. 306; *Tally v. Grider*, 66 Ala. 119; *State v. Warford*, 84 Ala. 15.

A rule is ordered to be issued from this court, directed to the Hon. L. M. LANE, judge of probate of Butler county, commanding him to show cause to the next term of the Circuit Court of Butler county, why a peremptory writ of *mandamus* shall not issue, commanding him to issue the license prayed for by the petitioner.

Let the costs of this proceeding be paid by the petitioner.