# Yerby, Treasurer &c. v. Cochrane.

*Action against County Treasurer on Witness Certificates.*

1. *Title and subject matter of statutes under constitutional provisions.*—The act approved February 21, 1893, entitled "An act to provide for and regulate the pay of State witnesses in Tuscaloosa county," (Acts 1892–93, pp. 934–936), is violative of the constitutional provision that "each law shall contain but one subject which shall be clearly ex-

[Yerby, Treasurer &c. v. Cochrane.]

pressed in its title," (Const. Art. IV, § 2), because the said act not only undertakes to provide for and regulate the payment of State witnesses, but also the payment of officers' costs accruing in behalf of the State, which latter provision was to a subject matter not expressed in the caption of the act.

2. *Same; when whole act declared void.*—Since the provisions of said act in relation to the payment of officers' costs (the subject not expressed in the title) can not be separated from the provisions in reference to the payment of State witnesses, so that the former may be stricken from the act and leave the statute complete within itself, capable of being executed, and wholly independent of those provisions which are rejected, the whole act is void.

3. *Same.*—When a statute contains two subject matters, only one of which is clearly expressed in the title, and the provisions in reference to these separate subjects are not separable, so that the provisions in reference to the subject which is not expressed in the title can not be stricken out and leave the act to operate according to its terms and the clear intent of the legislature, the whole of the act is unconstitutional and void.

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the Hon. S. H. SPROTT.

This was an action brought by the appellee, W. G. Cochrane, against the appellant, J. S. Yerby, as treasurer of the county of Tuscaloosa; and sought to recover of said treasurer the amount due on certain State witnesses' tickets that had been issued by the clerk of the county court of Tuscaloosa county. The plaintiff based his right to recover on an act of the General Assembly, entitled "An act to provide for and regulate the pay of State witnesses in Tuscaloosa county;" and alleged in his complaint that said State witnesses' tickets had been regularly endorsed to him, and he was the owner thereof. The defendant demurred to the complaint on the ground that the said act of the General Assembly, on which the plaintiff's demand was based, and on which the complaint counted, was unconstitutional and void, as violative of section 2, Article IV of the constitution of Alabama; that the subject of the act was not clearly expressed in the title; and that the said act contains more than one subject. This demurrer was overruled, and the defendant pleaded two special pleas. Plaintiff's demurrer to these pleas being sustained, the defendant declined to plead further, and there was judgment rendered for the plaintiff, upon a verdict being returned by the jury. All the other facts are sufficiently stated in the opinion.

[Yerby, Treasurer &c. v. Cochrane.]

The opinion renders it unnecessary to set out the pleas or the demurrer thereto.

FOSTER & OLIVER, for appellant.

WILLIAM G. COCHRANE, *contra*.

McCLELLAN, J.—Act No. 418 passed at the session of 1892–93 of the General Assembly—Acts 1892–93, pp. 934–936—is entitled "An act to provide for and regulate the pay of State witnesses in Tuscaloosa county." The subject of the enactment thus expressed in its caption is provided for in the body of the act, but in addition to provisions cognate, germane and properly referable to a scheme for the payment of State witnesses in said county there are incorporated in the text of the act provisions and regulations for the payment of the fees of the circuit court clerk and the sheriff of that county earned in criminal cases, of which obviously there is no intimation, much less an expression, in the caption. Thus : Section 1 of the act provides, "that one-half of all the fines and forfeitures collected in the circuit or county courts, or any other courts of Tuscaloosa county, and all the proceeds of the hire of all county convicts of Tuscaloosa county, is hereby set apart and appropriated to the payment of witnesses for the State in all criminal prosecutions in said courts. *Clerk of the circuit court and sheriff*, who shall be summoned and required to appear in criminal prosecutions after the approval of this act. The remaining one-half of the fine and forfeiture fund shall be held to pay present outstanding claims against said fund, as now provided by law ;" and by section 8 it is provided : "That when any convict is sentenced to hard labor for the county to pay the fine and costs, the hirer of such convict shall pay to the proper officer the costs due the State's witnesses, *and officers of the court*, which accrued in such conviction in behalf of the State, in advance, and such sum shall be placed to the credit of the fine and forfeiture fund, and shall be disbursed by the treasurer, or person acting as such according to the provisions of this act." The italicization in these excerps is ours. The purpose of the legislature to provide in this act for and regulate the payment of the costs due the clerk and sheriff is further accentuated by the require-

ment of section 7, that all fines and forfeitures should
"be collected in lawful money of the United States, and
none other," and that such money should be paid into
the county treasury to the credit of the fine and forfeiture
fund, so that the claims of officers could not be utilized
by them in the payment of fines and forfeitures as they
might have been under the law theretofore existing;
and also by reference to the provision of the first section
quoted above, to the effect that the remaining one-half
of the fine and forfeiture fund shall be held to pay *present
outstanding* claims against said fund as provided by ex-
isting law; the conclusion being inevitable that the
officers could receive nothing except under this act, and
it being equally manifest the legislature intended they
should in some way receive payment of their claims. It
is, therefore, clear that the body of this act contains and
undertakes to provide for and regulate not only the sub-
ject matter expressed in its caption—the payment of
"State witnesses in Tuscaloosa county"—but also subject
matter—the payment of officers' costs accruing in behalf
of the State—which is not expressed or even hinted of
in the caption, and which is wholly separate and distinct
from the subject expressed therein. It can not be
doubted that the text of the enactment is violative of the
inhibition of section 2, Art. IV of the constitution, that
"Each law shall contain but one subject, which shall be
clearly expressed in its title," &c.; nor, at least, in so
far as the subject not expressed in the caption is attempted
to be provided for, that the act is void.—*Ex parte Covert*,
92 Ala. 94, 9 So. Rep. 225; *Montgomery v. State*, 88 Ala.
141, 7 So. Rep. 51; *Ballentyne v. Wickersham*, 75 Ala.
533; *Stein v. Leeper*, 78 Ala. 517; *Ex parte Reynolds*, 87
Ala. 138, 6 So. Rep. 335.

Whether the whole enactment is void depends upon a
further inquiry, namely : Can the provisions in relation
to the payment of officers' costs be separated from those
in reference to the payment of State witnesses so that
the former may be stricken from the act and leave an
enactment "complete within itself, sensible, capable of
being executed, and wholly independent of that which
is rejected?" We do not think the provisions in ques-
tion can be so separated. They are so interlaced, so de-
pendent upon each other, that we feel great violence
would be done to the legislative intent, indeed to the

letter in which that intent is expressed, by the emasculation of the provisions of the act so far as they relate to officers and the enforcement of those provisions in respect of witnesses. In reality the provisions of chief importance in the enactment, with respect to these subjects, severally, are not in form or substance severable provisions at all. For instance, section 1 sets apart and appropriates one-half of the fine and forfeiture fund, not to witnesses alone nor to officers alone, but jointly to both classes. The act provides that witnesses shall receive a part and a part only of this moiety, and that court officers shall receive a part of it. To strike out the provision so far as it conferred a benefit on officers would be not to eliminate a provision made separately for them, but to strike out in part the provision having reference to State witnesses, and to give them the whole of a fund which the legislature never intended and has not provided that that they should have, except in common with the clerk and sheriff. The one set of beneficiaries can not be deprived of the provisions attempted to be made for them without at the same time radically changing the provisions attempted and intended to be made for the other. If the act should stand at all so far as it relates to witnesses, it would stand not as it was enacted but as it is changed even in respect of such witnesses by the judicial elimination from it of provisions which not only had relation to the costs of court officers, but which bore also upon the fund for the compensation of witnesses, and limited its amount. Moreover, while the legislature might perhaps have denied to officers all participation in the fine and forfeiture fund, it has most clearly evinced a contrary intention by this enactment, and this intention would be entirely defeated if this act is upheld as to the subject expressed in its title and adjudged bad, as it must be, in respect of the clerk and sheriff, for with one moiety of the fund appropriated to witnesses and the other to the payment of "present outstanding claims," there is not and could never be any part of it or any other fund available for the payment of officers' costs.

For these reasons—and others, growing out of preexisting law on the subject, might be given—we conclude that the provisions of the statute in their application to officers and witnesses are not separable, that to strike out its references and attempted provisions for

[Lewis v. Simon & Co.]

officers' costs would not leave the act to operate according to its terms and clear intent even as to witnesses, and that, of consequence, the whole act is unconstitutional and void.

Plaintiff expressly claimed under this void act, the complaint in terms counts upon the provisions of it which we have discussed. The demurrer raised the question of the constitutionality of the enactment. It should have been sustained. For the error committed in overruling the demurrer the judgment of the circuit court must be reversed. Other questions presented by the record need not be considered. The cause is remanded.

Reversed and remanded.