# Commercial Bank of Selma v. King.

*Action of Assumpsit on promissory note.*

1. *General objection to evidence part of which is admissible.*—Where evidence is objected to generally, part of which bears directly on the issue before the jury, there is no error in overruling the objection.

2. *Replication by plaintiff changing issue of bona fide holder tendered by complaint.*—Where plaintiff sued on a promissory note as a *bona fide* holder for value, and without notice, claiming by assignment before maturity, from the payee, and to a plea of payment to the payee, interposed by the defendant, the plaintiff, instead of filing a demurrer, files a replication which puts in issue the state of accounts between the payee and defendant, including the amount of the note, which issue the evidence tends to sustain in favor of defendant, it is not error for the court to refuse charges requested by plaintiff predicating his right of recovery solely on the fact of his being a *bona fide* holder of the note, for value and without notice, nor to give charges for the defendant authorizing a verdict in his favor if the evidence satisfies the jury he had paid the accounts, including the amount of the note, to the payee, before plaintiff's suit.

APPEAL from the City Court of Selma.

Tried before J. C. COMPTON, Esq., Special Judge.

The facts of this case are sufficiently stated in the opinion. It is deemed unnecessary to set out in detail the several rulings of the trial court upon the evidence.

Upon the introduction of all the evidence, the court, among other things, instructed the jury as follows : "If you believe from the evidence that the defendant and H. C. Keeble Company made an agreement, by which said company was to make certain advances to the defendant, and said agreement was put in writing by the defendant executing and delivering to said Company, at the same time, the note and mortgage in evidence in this case, and that said mortgage refers to and describes said

note ; and that before the maturity of said note the said Keeble Company transferred and endorsed said note and mortgage, together and at the same time, to the plaintiff as collateral security for a loan of money at that time made by the plaintiff to said Keeble Company, and after its payment to secure any other indebtedness by said Keeble Company to the plaintiff, and that the defendant, pursuant to the terms of his said mortgage, delivered —— bales of cotton to said Keeble Company to be sold by it and the procceeds applied to his said note or indebtedness without notice or knowledge of the claim of ownership by, or transfer of his said note and mortgage to the plaintiff, then the defendant is entitled to a credit for the amount of the net proceeds of his cotton so delivered to said Keeble Company, if sold by said Company, and if not sold by said Company, he is entitled to a credit for the market value of the cotton as shown by the evidence ; in either case to be applied to his indebtednesss to the said Keeble Company, according to the terms of defendant's said mortgage.'' The plaintiff duly excepted to this portion of the court's general charge, and also separately excepted to the court's refusal to give each of the following charges requested by it :   (1.) ''If the jury believe the evidence in this case, they must find for the plaintiff, and render a verdict in its favor, for the amount of the note sued on, with interest thereon from its maturity.''   (2.) ''The delivery of the cotton raised by the defendant during the year 1890, to the H. C. Keeble Company, was not a payment of the note in suit.''   (3.) ''The note in suit is governed by the commercial law, and is not subject to the defense of payment, when made to the H. C. Keeble Company.''

There was judgment for the defendant.   The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

DAWSON & PITTS for the appellant.

PER CURIAM.—The material facts in this case may be briefly stated as follows : appellee, King, on the 5th day of February, 1890, applied to the H. C. Keeble Co., commission and advancing merchants, for advances in money with which to carry on his farming operations during that year.   On the date mentioned King execut-

ed his note for $200, payable to the H. C. Keeble Co. at the Commercial Bank of Selma, and to secure the payment of the same and such future advances as might be made to him during the year to enable him to make a crop, he executed a mortgage to said company upon certain personal property therein described and upon the crop to be planted and cultivated by him during the year. The mortgage contains the usual stipulations found in crop lien mortgages, including the following : "Second, That the undersigned will deliver all cotton grown, raised, received or controlled by him during said year, to said H. C. Keeble Co. at Selma as rapidly as the same can be prepared for market, the same to be sold by said corporation, as agent and factor of the undersigned, at the usual commission . of one dollar per bale, and the net proceeds thereof shall be applied to the payment of the debts and liabilities herein secured, the same to be first applied, however, to any debts or liabilities of the undersigned arising out of the premises other than the debt evidenced by the said note."

On the 8th day of May 1890, the H. C. Keeble Co. procured a loan of $4,500 from the Commercial Bank of Selma on its two notes for $2,250 each, payable respectively Oct. 12, and Oct. 27, 1890, and as collateral security therefor indorsed, assigned and delivered to the bank a large amount of notes and mortgages, King's note and mortgage being delivered, together, to the bank with the other collateral. By the terms of the transfer of said collaterals to the bank they were to be held by it as security for any other indebtedness of the H. C. Keeble Co. to the bank, whether as principal or surety. No notice of this transfer was given by the bank to King.

At the time King gave his note and mortgage to the H. C. Keeble Co. the amount of the note was credited to his account, and the advances he obtained during the year, with the amount of his note, aggregated on Dec. 19, 1890, $638.96. Against this indebtedness there were credits in his favor up to October 7, 1890, which left a balance due on that day, of $237.85. On Dec. 19, 1890, King delivered to the H. C. Keeble Co. six bales of cotton to be sold and credited to his account, which cotton, according to the testimony, was worth in Selma

forty dollars, or more, per bale, and had not been credited on King's indebtedness.

In March, 1891 the bank brought suit against King on the note, as the indorsee and holder thereof before maturity, without notice and for a valuable consideration King thereupon filed two pleas, the first being the plea of payment in the Code form, and the second being a special plea of payment from shipments of cotton, and that the bank held the note and mortgage as collateral security and failed to notify the defendant that it held the same until after the failure of the Keeble Co., and made no demand of payment until after the note had been paid to the Keeble Co.

To these pleas the plaintiff demurred, and the demurrer was overruled as to the first plea and sustained as to the second.

The defendant then filed a third plea which, in substance, averred the contract between him and the Keeble Co. by which the latter were to make advances to him to make a crop during the year 1890, the execution of his note and mortgage, as herein above stated, with the stipulation above set out, and that the note and mortgage, together, were transferred and delivered by the Keeble Co. to the bank as collateral security, and that the bank had notice of the stipulation in said mortgage as to the delivery by the defendant to the Keeble Co. of his crops in payment of his indebtedness to them, including the note, and that the plaintiff did not give defendant notice of such transfer or its ownership of the note until after January 20, 1891, and that although the note and mortgage were in the plaintiff's possession during the season when the crop of 1890 was marketable it allowed the defendant, without objection on its part, to deliver the crop of 1890, covered by the mortgage, to the H. C. Keeble Co. in payment of the defendant's said note, mortgage and account, all which were fully paid before this suit was commenced.

To this plea the plaintiff did not demur but filed a replication averring in substance, that the note sued on was made and delivered to the said H. C. Keeble Co. February 5, 1890, payable October 4, 1890, at the Commercial Bank of Selma, that before maturity it was indorsed and transferred to the plaintiff by the Keeble Co. in due course of trade for a valuable consideration, then

paid, and that plaintiff received it in good faith and without notice. That said note was secured by a mortgage upon the crop of the defendant to be raised during the year 1890, and upon certain personal property described therein, which mortgage was executed and delivered by the defendant to the Keeble Co. February 5, 1890, and was transferred and assigned by the latter company to the plaintiff at the time of the endorsement and delivery of said note to plaintiff. That said mortgage among other things contained the stipulation herein above set out as to the shipping of defendant's cotton to the Keeble Co. as rapidly as possible, to be credited on defendant's indebtedness to said Keeble Company, the same to be first applied to his indebtedness other than said note. That defendant during the year 1890 was indebted to the Keeble Company for supplies advanced to him under the stipulations of said mortgage in the sum of about two hundred and sixty-five dollars, or other large sum, over and above the amount due on said note, after applying the net proceeds of the cotton, delivered by him, to the credit of his account with the Keeble Co. for supplies advanced to him during the year 1890. That the defendant has not paid to the plaintiff said note, or any part thereof, and that the same is still due and unpaid with interest thereon. Upon this replication the defendant joined issue. The assignments of error are directed to the rulings of the court upon the admission of evidence and its refusal to exclude portions of the testimony, and also to the charges given and refused.

The condition of the defendant's account with Keeble Co. was directly involved in the issue tendered by the plaintiff's replication to the defendant's special plea No. 3.

A part of the evidence objected to by the plaintiff, and included in his motion to exclude bore directly upon this issue and was admissible. The objection and the motion to exclude did not with sufficient definiteness separate that which was admissible from that which was objectionable. The rule is that the trial court will not be put in error when the objection is general to evidence, a part of which is admissible.

As we have said above, the condition of the defendant's account with Keeble Co. is directly presented by

[O'Donohue v. Holmes.]

the plaintiff's replication to the defendant's plea numbered 3. Upon that issue the jury found in favor of the defendant, and upon the testimony in the record we think they were authorized to find such a verdict. The testimony shows that the amount of the note sued on went into defendant's account with Keeble Co. at the time of its date and that on October 7, 1890, when the note matured there was a balance of $237.85 due from defendant to Keeble Co. The defendant delivered six bales of cotton to Keeble Co. on Dec. 19, 1890, to be credited on his account, and that the market value of the cotton at the time at the lowest price shown by the proof was $40 per bale, $240.

With this issue before the jury, and this state of the proof, there was no error in the charges given and refused, and we are constrained to affirm the case. The question mainly argued by counsel, viz., whether the commercial or negotiable character of the note sued on is affected or destroyed by the terms and provisions of the mortgage transferred to plaintiff contemporaneously with the note, is one which, in view of the pleadings, it is not necessary to determine.

There was an objection of plaintiff to the testimony of the witness Bennett as to usury which it is not necessary to decide. If there was an error in overruling such objection it cannot avail appellant for two reasons. In the first place, the action of the court on that matter is not assigned as error; and, in the second place, it was error without injury, the amount paid by defendant being sufficient, as shown by the proof, to cover plaintiff's demand including the usurious charge, if there was usury.

Affirmed.