# Harper v. The State.

*Prosecution for Trespass after Warning.*

1. *Title of statute under constitutional provisions; effect on construction.*—The act of February 18, 1895 (Sess. Acts 1894–95, p. 1088), entitled, "An act to amend an act for the trial of misdemeanors in Shelby county, approved February 12, 1891," by its first section provided "that an act entitled an act to regulate the trial of misdemeanors in Shelby county, approved February 21st, 1893, be amended so as to read as follows," etc. *Held*, that it was the law of 1891, and not that of 1893, that was intended to be amended, the title of the act having controlling effect under the constitutional provision (Const. of Ala., Art. 4, § 2), and that the date, in the body of the act, of the statute to be amended must be read as if it were the same as the date stated in the title.

2. *Amendment of amended and repealed statute.*—The legislature may amend an original act which has been amended and repealed, and disregard the intervening amendatory and repealing act.

3. *Title and subject matter of statute under constitutional provisions.*—The act of February 18, 1895 (Sess. Acts 1894–95, p. 1088), "to amend an act for the trial of misdemeanors in Shelby county, approved February 12, 1891," is void so far as it attempts to provide for the trial of felonies, as that subject is not comprehended within the title of the act (Const. of Ala., Art. 4, § 2).

4. *Statute partly valid.*—Where a statute contains valid and invalid provisions, and the invalid parts can be stricken from the act and leave an enactment complete within itself, sensible, capable of being executed, and wholly independent of that which is rejected, the enactment will be upheld and enforced as to the valid parts.

5. *Summoning jurors, under local law.*—Under the provision of the statute regulating the trial of misdemeanors in Shelby county authorizing the court to cause jurors to be summoned from the by-standers, *etc.*, "when by reason of challenge or any other cause it is rendered necessary" (Sess. Acts 1894–95, p. 1088, § 11), it was not error, after the court had, on motion of the defendant, quashed the *venire* of petit jurors which had been drawn for the term, for it to order the sheriff to summon twelve persons to serve as jurors for the term.

6. *Trespass after warning; evidence as to title to land trespassed upon.*—In a prosecution for trespass after warning, it is not error to allow the prosecutor, examined as a witness for the State, to state from whom he had bought the land on which the trespass was said to have been committed, without producing his title papers.

7. *Same; proof of notices posted on land.*—In a prosecution for trespass after warning, it is not error to allow the prosecutor to testify to the contents of written notices which he had posted on the lands.

8. *Same; evidence as to lines of the land.*—In a prosecution for trespass after warning, an objection by the defendant to a statement by a witness for the State as to where the line of the land said to have been trespassed upon ran, according to the survey of one C., on the ground that C. was not a county surveyor, was properly overruled, where there was no evidence tending to show that the line as thus established was incorrect, or that the defendant had any interest in its correctness, and the proof introduced showed that the prosecutor was in possession, claiming title.

9. *Presumption in favor of ruling of trial court.*—Where the bill of exceptions does not purport to set out all the evidence, it will be presumed, in favor of the ruling of the trial court in admitting evidence, that there was other proper evidence showing its relevancy.

10. *Objection to evidence; when too broad.*—There is no error in overruling a motion to exclude the whole statement of a witness, a part of which is admissible.

APPEAL from the County Court of Shelby.

Tried before the Hon. JOHN S. LEEPER.

The facts of the case are sufficiently indicated in the opinion.

R. W. COBB and J. M. FALKNER, for appellant. The title of the act approved February 18, 1895, does not "clearly express" the act which the first section amends, but names an act entirely different from the act amended.—Acts 1894–95, p. 1088; 3 Brick. Dig. p. 132, §§ 81 to 87. Section one of said act embraces not only the trial of misdemeanors, but also the trial of felonies, which is not expressed in the title of the act itself, nor in the titles of the acts of February 12th, 1891, and of February 21st, 1893. The act contains two subjects,— the trial of misdemeanors as well as the trial of felonies.

WM. C. FITTS, Attorney-General, for the State, cited *Garland v. Board of Revenue*, 87 Ala. 223; *Ballentyne v. Wickersham*, 75 Ala. 533; *Woodson v. Murdock*, 22 Wall. 351; *Judson v. Bessemer*, 87 Ala. 242; *Henderson v. Jackson County*, 2 McCrary, 619; *Bitters v. Fulton County*, 81 Ind. 126.

HARALSON, J.—On February 4th, 1895, the defendant was arrested for the alleged offense of trespass after

warning on the premises of Tillman Raines, on a warrant issued in due form by the clerk of the county court of said county, and gave bond for his appearance at the next term of the county court of said county of Shelby, to answer said charge. He appeared at the August term of said court, and was tried for said offense, found guilty, and fined $25.

The defendant objected to going to trial on the ground, as alleged, "that said act, approved February 18, 1895, under which defendant was held for trial, was not and is not a valid and legal enactment of the General Assembly of said State, because said act contained more than one subject, as well as the fact that the subjects of said act are not clearly expressed in the title of said act; and, therefore, said act was in violation of the provisions of the Constitution of said State, and being an invalid and illegal act or enactment, the organization and holding of this court is without authority of law." The only questions argued by counsel for defendant in their brief filed in the cause, are, first, that the title to the act of 18th February, 1895,—Acts 1894-5, p. 1088,—was to amend the act approved February 12th, 1891,—Acts 1891-2, p. 580,—whereas, the first section of the said act of 1895, purports to amend an act approved February 21st, 1893, —Acts 1892-3, p. 826.

Originally the title to an act was held to be no part of it, affording no clue to the legislative intent; that being in strictness no part of the act in a legal sense, it would be absurd to attempt to use it for the purpose of restraining or controlling any positive provison of the act, and, taken in connection with other parts of the statute, when the intent was not plain, it might assist in removing ambiguities. Sedgwick on Const. & Stat. Const. 39 ; Sutherland on Stat. Const. § 210. But the Constitution of this State provides that "Each law shall contain but one subject, which shall be clearly expressed in the title ;" Art. IV, § 2, and in construing this provision we have held, that "the title is regarded as an essential part of the law, having a specific object and office,—to control the subject of the enactment, and to restrict its provisions and details to such matters as are pertinent and germane to the single object expressed in the title ;" and that it is mandatory, with the qualification that it must not be so exactingly enforced as to embarrass leg-

islation.　*Stein v. Leeper*, 78 Ala. 520 ; *White v. Levy*, 91
Ala. 175.　The intention of the requirement, that the
subject of the act shall be clearly expressed in the title,
as has been held, was to inform the members of the leg-
islature, and perhaps the public, on which the former
are invited to vote and legislate.　*Ballentine v. Wicker-
sham*, 75 Ala. 536.

The act in question, by its title, is, "To amend an act
for the trial of misdemeanors in Shelby county, approv-
ed February 12th, 1891."　The first section is, "That
an act entitled an act to regulate the trial of misde-
meanors in Shelby county, approved February 21st 1893,
be amended so as to read as follows," &c.　Here is an
obvious, patent mistake, in the title or in the body of
the act.　It is well settled that legislative enactments
are not, any more than any other writings, to be defeat-
ed on account of mistakes, errors or ommissions, pro-
vided the intention of the legislature can be collected
from the whole statute.　Sutherland on Stat. Const., §
260 ; Endlich on Int. of Stats. § 302 ; and numerous au-
thorities cited by the authors.　Giving to the title to this
act the controlling effect it has been held it must have
under our Constitution, in determining what a statute
may and may not contain, we must hold it was the law
of 1891, and not that of 1893, that was intended to be
amended by the law of 1895, and that the date, Feb'y
21st, 1893, appearing in the first section of the last
amendatory act, is an error, and must be read, Feb'y 12,
1891, the date of the act described in the title of the
statute to be amended.　In case of *School Directors No.
5 v. School Directors No. 10*, 73 Ill. 249—a case in point
with the one in hand,—it was held—that when an act
purporting to amend another act describes the act to be
amended truly, but states the date of the enactment
incorrectly, the mistaken date will be treated as surplus-
age, and will not affect the validity of the amendment ;
and, from the authorities referred to above, it seems to
be the general conclusion, to consider the error as self-
corrective, or to treat it as surplusage.　Authorities
*supra* ; *The People v. The Supervisors*, 16 Mich. 258 ; *Wal-
nut v. Wade*, 103 U. S. 692.　In *Dean v. The State*, 100
Ala. 104, it was held that the act of 1891 was repealed
by the said act of 1893.　But, it is clearly settled in this
State that the legislature may amend an original act

which has been amended and repealed, and disregard
the interven amendatóry and repealing act. *Wilkerson
v. Ketter*, 59 Ala. 306; *State v. Warford*, 84 Ala. 15; *Ex
parte Pierce*, 87 Ala. 110; *Dunbar v. Frazier* 78 Ala. 538.
No question can arise, therefore, in this case, from the
fact that the act of 1891, amended by the act of 1895,
was repealed by the act of 1892-3.

In the second place, it is objected, that the act of
February 12th, 1891, makes provision only for the
trial of misdemeanors, whereas, the later act, of Feb-
ruary 18th, 1895, purporting to amend said former act,
provides for the trial of felonies, which is not expressed
in the title of either of said acts. In *Ex parte Cowert*,
92 Ala. 94, it was held that a section of an existing law
may be amended by reference to its number and the
title of the act of which it forms a part. It was said
that, "The theory upon which this scant expression of
the subject of the amendment is held to meet the con-
stitutional requirement is, that members of the general
assembly are supposed to know the provisions of the
section to be amended, and that the subject to which
those provisions relate is the subject also of the amend-
atory act." The said original act to regulate the trial
of misdemeanores in Shelby county contained fifteen
sections, and the act of 1895 did not purport to amend
any particular section or sections of said former act,
but to amend it as a whole. The later law, in its nine-
teen sections, contained all the provisions of the origi-
nal, as to misdemeanors in a revised, amended and ex-
tended form, which were therein re-enacted and pub-
lished at length. Its title, however, which has been
copied above, was, as appears, "to amend an act for
the trial of *misdemeanors* in Shelby county, Alabama, ap-
proved February 12th 1891." It is clear, therefore,
that the amendatory act, in so far as it relates to mis-
demeanors and their trial in said court, is, as to this
class of crimes, purely amendatory and within its title.
But, it needs only a suggestion to make it equally clear
that felonies and their trial were not comprehended
within the title of said act, and, in so far as there was
an attempt to include them in the act, under such a
caption, it was futile and void. It is well settled, how-
ever, that where a statute contains valid and invalid
provisions, and the invalid parts can be stricken from

the act and leave an enactment "complete within itself, sensible, capable of being executed and wholly independent of that which ·is rejected,'' the enactment will be upheld and enforced as to that which is valid. *Ex parte Cowart*, 92 Ala. 94: *Woolf v. Taylor*, 98 Ala. 954; *The State v. Hartford F. Ins. Co.*, 99 Ala. 231; *Yerby v. Cochran*, 101 Ala. 541. The latter act, is, as to misdemeanors, well enacted, and capable of separation from the invalid parts, as applicable to felonies.

There was no error, after the court had, on motion of defendant, quashed the venire of petit jurors which· had been drawn for the term, for it to order the sheriff to summon twelve persons to serve as jurors for the term. Such an order is explicitly provided for in section 11 of said act, '"when by reason of challenges or any other cause it is rendered necessary."

There was no error in allowing the prosecutor, Rains, examined for the State, to testify that he was in the possession of and had bought the land, on which the trespass was said to have been committed, from Longshore and Beavers. The objection, which was to the latter portion of the answer, that he had bought the land from Longshore and Beavers, was general, and besides, it was competent. He was not bound to produce his title. Nor was there error in allowing the witness to prove the contents of the written notices which the witness said he had posted on the lands. *Owens v. The State*, 74 Ala. 401; *Watson v. The State*, 63 Ala. 20; *Collins v. Ala. G. S. R. R. Co.*, 104 Ala. 390; 1 Gr. Ev. § 561.

The objection to the proof, as made by one Seals, as to where the line of the land ran,—as he was informed by one May,—by the survey of one Christain, on the ground that Christian was not the county surveyor, was not a good one. County surveyors are not the only ones who can run a correct line. There was · no evidence tending to show that the line as thus established was incorrect, or that defendant had any interest in its correctness, and the proof introduced showed that the prosecutor was in possession, claiming title. Seals further testified, that the line run by Christain was about where the base was said to run,—he could not say whether or not it ran on the base line. A general objection was interposed to this statement of the witness. The bill of

exceptions does not purport to set out all the evidence. We presume in favor of the ruling of the court, that there was other proper evidence showing its relevancy.

The prosecutor had testified, he had purchased the land from Longshore and Beavers. Longshore, examined by the State, testified that he had purchased the land from Mrs. Armstrong, and that S. J. May was present when he bought it, and said he did not want the land and did not claim it. The defendant moved to exclude the evidence of said Longshore, because illegal and irrelevant. We must presume there was proof that Longshore was of the firm of Longshore & Beavers, and that he bought the land for his firm, which firm, it had been shown, sold it to the prosecutor. His evidence, that he had bought the land, was not, under the facts, as they are stated, and as we must presume they were made, irrelevant. To the latter statement, as to what was said by May,—if irrelevant under all the facts as brought out,—there was no separate objection, and as the motion to exclude went to the whole statement of Longshore, a part of which was relevant, there was no error in overruling it.

We find no error in the record, and the judgment of the county court must be affirmed.

Affirmed.