# Alabama Midland Railroad Co. v. Darby & Son.

*Action Against Common Carrier for Failure to Deliver Goods.*

1. *Contract of shipment; bill of lading unnecessary.*—In an action against a common carrier for failure to deliver goods, it is unnecessary for the plaintiff to show that a bill of lading was issued, if the carrier received the goods at the point of shipment to be delivered to the consignee for reward, at the point of destination.

2. *Memorandum by receiving agent not a bill of lading.*—A memorandum or receipt in form a bill of lading made out and signed by the carrier's agent a the point of delivery, after the arrival of the goods, is not the contract of shipment.

3. *General objection to evidence.*—A general objection to the testimony a part of which is good, is properly overruled.

4. *Variance; general objection.*—A general objection to evidence on the ground of variance from the complaint, not pointing out wherein the variance consists, is not good.

APPEAL from Pike Circuit Court.

Tried before Hon. J. M. CARMICHAEL.

The facts of the case are sufficiently stated in the opinion. Upon the introduction of all evidence, the court at the request of the plaintiff gave to the jury the following written charge: "If the jury believe from the evidence that the plaintiff received notice on November 4th, and the same day went to get the goods, then the liability of the defendant as a common carrier had not ceased." The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give the following written charge re-

quested by it: "If the jury believe the evidence they should find for the defendant." There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

W. L. PARKS, for appellant, cited, 54 Ala. 363; 44 Ala. 101; 67 Ala. 478; 74 Ala. 430; *Wilcox v. Henderson*, 64 Ala. 176.

HUBBARD & HUBBARD, *contra*, cited, *Louisville & Nashville Railroad Co. v. McGuire & Co.*, 79 Ala. 395.

HARALSON, J.—Suit by consignees against a common carrier for failure to deliver goods.

The case was commenced in the justice's court, by Darby & Son, where judgment was rendered in their favor against the defendant, by which it was taken to the circuit court, and retried with the same result.

The evidence tended to show that the goods shipped belonged to the plaintiffs. It also tended to show, on the part of the plaintiffs, that the goods were never delivered to them, and on the part of defendant, that they were delivered. That on the part of plaintiffs also tended to show, that they were not advised of the arrival of the goods until the 4th November, 1896, when they applied for their delivery, and defendant failed and refused to deliver them; and that on the part of defendant, that it notified plaintiffs of the arrival of the goods on the 3d of October, 1896, and on that day plaintiffs received them.

The evidence also further tended to show, that the goods were shipped consigned to plaintiffs from Montgomery without a bill of lading, and what purported to be one was not received by plaintiffs until the 4th of November, 1896, when defendant's agent, J. B. Cochran, at Troy, the place for the delivery of the goods, gave the same to one of the plaintiffs, signed by himself as agent. Cochran testified that he received the bale of goods at Troy on the 3d of October, 1896, and on the next day notified plaintiffs of their arrival; that plaintiffs did not demand the goods until the 4th of November following, when one of them paid the freight on the same, and that he, Cochran, gave him the paper which purports

to be a bill of lading. This certainly was not the original, but a mere memorandum receipt issued to plaintiffs by defendant's agent, after the consignment of the goods to plaintiffs by the consignor at Montgomery. The plaintiffs' right of recovery, was not dependent upon a bill of lading, if the goods were received by the carrier at the point of shipment for delivery to plaintiffs for a reward at Troy, as the evidence tends, without conflict, to show.—*M. & E. R. R. Co. v. Kolb*, 73 Ala. 396; Hutchinson on Carriers, §118.

The paper purporting to be a bill of lading, made out by said agent at Troy, was dated the 3d of October, 1896, and shows on its face, that J. R. Darby, and not the plaintiffs, J. R. Darby & Son, were the consignees. It was abundantly shown, however, that that was a mistake and that plaintiffs were in fact the consignees. But, as we have said, it was unnecessary for the plaintiffs, to be entitled to recover, to show that any bill of lading at all was issued for the shipment of the goods. They introduced this memorandum receipt, without objection, and J. R. Darby testified that, at the same time, a delivery order for the goods, signed by the said Cochran, as agent of defendant, was issued to plaintiffs, which showed on its face that the goods were to be delivered to them.

After all the evidence on both sides had been introduced, the defendant moved to exclude the evidence of said receipt purporting to be a bill of lading, and the oral testimony of Jas. Darby, on the ground that the bill of lading was the best evidence of the contract, and on the ground that there was a variance between the evidence and the complaint. There was no error in overruling the motion. The objection assumes that said paper is the contract on which plaintiffs sued, but that is not the case. They introduced it in connection with all the other evidence to show what the contract was. Moreover, Darby testified, without objection, to other pertinent matter besides this receipt, and the motion to exclude went to all his evidence, some of which was unobjectionable. The objection that there was a variance is without merit, as it was general, and did not point out in what the variance consisted.—*L. & N. R. R. Co. v. Thornton*, 23 So. Rep. 778.

The general charge for defendant was properly re-

fused, as the evidence was in conflict. The proof tended to show, as above stated, that no notice was given of the arrival of the goods before the 4th November, 1896, on which day they applied for the delivery of the goods, and defendant failed to deliver them, and there was, therefore, no error in the charge given for plaintiffs.

Affirmed.