# Ray *v.* The State.

*Indictment for Burglary.*

1. *Judgment upon motion for new trial in criminal case; not revisable on appeal.*—The statute allowing appeals from judgments granting or refusing to grant motions for a new trial applies only to civil cases (Code, § 434), and, therefore, the action of a trial court in refusing to grant a motion for a new trial in a criminal case is not revisable on appeal.

2. *Evidence in criminal cases; when error cured by introduction of other evidence.*—In the trial of a criminal case, where, at the time testimony is offered to be introduced it is inadmissible, the error in admitting such testimony is cured by the

[Ray v. The State.]

subsequent introduction of other evidence rendering the former testimony admissible.

3. *Evidence in criminal case; res gestae of material fact admissible, though irrelevant of itself.*—On a trial of a criminal case, where a fact material to the proof of defendant's guilt is so interwoven and inseparably connected with another fact, of itself irrelevant, as that the material fact can not be proven without proof of the other, it is competent for a witness to testify to the transaction involving both facts; the latter fact, under such circumstances, constituting the *res gestae* of the material fact.

4. *Same; same; case at bar.*—On a trial under an indictment for burglary, where it is shown that a carriage house was burglarized and a set of harness stolen therefrom, it is competent for a witness for the State, who testified as to his having purchased said set of harness from the defendant, to further testify that at the time he purchased said harness, he went with the defendant to the house of his mother, and the defendant there "had two sets of harness, both of which he took out of a closet in a back room of said house, and offered to sell either of them," and that he bought the one involved in the pending prosecution; the testimony relating to the other set of harness being so inseparably connected with the sale of the set purchased as to constitute the *res gestae* of the material fact of the purchase of the harness from the defendant, thereby rendering it admissible.

5. *General motion to exclude and general exception.*—When a motion to exclude testimony is general and includes both legal and illegal evidence, and an exception to the ruling is general, going to the entire ruling, the trial court will not be put in error upon such ruling, and the exception reserved will not justify a reversal.

6. *Evidence; competent to introduce evidence in rebuttal.*—In a criminal prosecution, where the defendant has introduced a witness who testified that he did not make certain statements to one of the State's witnesses, which statements led indirectly to the discovery of the defendant's guilt, it is competent for the State, in rebuttal, to prove that such witness of the defendant did make the statements referred to to one of the State's witnesses.

7. *Burglary; not error for the court to refuse to charge as to petit larceny.*—On the trial under an indictment for burglarly, where the offense charged is that a carriage house was burglarized and a set of harness of the value of fifteen dollars

[Ray v. The State.]

was stolen therefrom, and these facts are shown by the evidence, there is no duty resting upon the court to instruct the jury *ex mero motu* as to the phase of the case involving petit larceny.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The appellant in this case, Charles Ray, was indicted, tried and convicted of burglarly; the indictment charging that he broke and entered into a carriage house within the curtilage of a dwelling house of S. B. Marks, and feloniously took and carried away therefrom one set of harness of the value of $15.

On the trial of the case, the burglary and the larceny of the harness were proven.

One J. G. Reasonover, a witness for the State, testified that he bought the harness, which was identified as belonging to S. B. Marks, from Charles Ray, and that upon the identification of the harness he delivered it to a police officer for delivery to Mr. Marks. This witness further testified that hearing that Charles Ray had a set of harness for sale, he wrote a note addressed to Charles Ray and delivered it to one Alex. Taylor with directions to carry it to defendant. The defendant objected to this statement of the witness and moved the court to exclude it on the ground that it was illegal, irrelevant and incompetent, and did not tend to prove the commission of the offense, nor was it shown that the note was delivered to defendant. The witness then, in response to an inquiry by the court, said that within a short time after he had so delivered the note to Taylor, defendant came to the place of business of witness and engaged him in conversation about the harness, and offered to sell him a set. Thereupon the court overruled the objection of the defendant, and the defendant then and there duly excepted. The witness then testified that he went with defendant to the house of Mrs. Ray, the mother of defendant, but a different place from where defendant lived, and went into a room of said house to see the harness; that this was about 8 o'clock at night. The solicitor then asked the witness: "Did the defendant have then, or did he show

you, any other set of harness besides the set you purchased?" The defendant objected to the question on the ground that it called for irrelevant testimony; the court overruled the objection, and defendant duly excepted to this ruling of the court. Witness then answered: "He had two sets of harness, both of which he took out of a closet in a back room of said house, and offered to sell either of them, and I bought the one involved in this prosecution." Defendant moved to exclude said answer on the same ground set forth in his objection to the question, but the court overruled said motion; and to this action of the court the defendant then and there duly excepted. The witness then testified that he bought the set of harness in question from Charles Ray and paid for it.

Alex Taylor, a witness for the State, testified that he took a note from the witness Reasonover, directed to Ray, and delivered it at the house of Ray's mother.

The defendant introduced one Calvin Oliver as a witness, who testified in response to a question propounded to him by defendant, that he had never told Reasonover that Charles Ray had a set of harness for sale.

The State introduced Reasonover as a witness in rebuttal, and he testified that Calvin Oliver told him, Reasonover, that Charles Ray had a set of harness for sale. To this testimony on the part of Reasonover the defendant objected, on the ground that it was illegal and inadmissible. The court overruled the objection, and the defendant duly excepted.

The defendant as a witness in his own behalf testified that he had no connection with the larceny of the harness, and denied having sold it to Reasonover.

The bill of exceptions recites that the "court charged the jury as to the offense of burglary, but said nothing as to the offense of petit larceny. * * * The defendant made no request of the court, either in writing or orally, to charge the jury in respect to the offense of petit larceny." After conviction and sentence, the defendant made a motion for a new trial, which was overruled, and to this ruling the defendant duly excepted.

[Ray v. The State.]

JOHN W. A. SANFORD, JR., for appellant, cited *Broughton v. State*, 105 Ala. 103; Thornton on Juries and Instructions, § 197, and authorities; 2 Thompson on Trials, §2313.

CHAS. G. BROWN, Attorney-General, for the State.

TYSON, J.—The action of the court in refusing to grant the motion for a new trial is not revisable. The statute allowing appeals from decisions granting or refusing to grant motions for new trials applies only to civil cases.—Code, § 434; *Bondurant v. State*, 125 Ala. 31.

During the progress of the trial several exceptions were reserved to the rulings of the court upon the admission of evidence against the objections of defendant. The first of these involves the action of the court in permitting Reasonover to testify that he wrote a note addressed to the defendant and delivered it to Taylor, with instructions to carry it to defendant. Whether or not error was committed by the court at the time the testimony was admitted is unnecessary to decide, since if error intervened, it was cured by the testimony of Taylor that he delivered the note at the house of defendant's mother, and the further statement of Reasonover that within a short time after he delivered the note to Taylor, defendant came to his place of business to see witness about selling him the harness.

The second exception is predicated upon a refusal by the court of a motion to exclude the testimony of witness Reasonover that the defendant "had two sets of harness both of which he took out of a closet in a back room of said [mother's] house and offered to sell either of them and I [he] bought the one involved in this prosecution." An objection was interposed to the question which elicited this answer. The motion to exclude this answer was upon the grounds that it was irrelevant, illegal, incompetent and improper. That portion of the answer which made reference to the set of harness charged to have been stolen by the defendant was undoubtedly not irrelevant, illegal, incompetent, or improper. The matter of sale

and acquisition of it by Reasonover from the defendant was the important inquiry in the case. The fact of possession and sale of it by the defendant was substantially all the evidence upon which the State relied as connecting him with the commission of the offense for which he was being tried. Indeed his possession and the sale to Reasonover was the only seriously contested point in the case. It was of importance that every fact tending to show the sale, from the beginning of the negotiations, including every step down to its final consummation, should have been in evidence before the jury in order for them to determine properly this pivotal question. So, too, the fact that the harness was taken from a closet in a back room when offered to be sold, was of probative force. The motion to exclude went to the entire answer, a part of which we have shown was entirely competent. As to what was said about the other set of harness being taken from the closet and offered to be sold by the defendant to the witness at the same time that this one was purchased, it does not appear it was pointed out by an objection so as to separate it from the legal portion of the answer, if the defendant conceived it to be illegal. If it be conceded that reference to it in the answer was improper for any reason, no duty rested upon the court to separate it from the other portion of the statement of the witness.—*Ala. Mid. R. R. Co. v. Darby*, 119 Ala. 531; *Harper v. State*, 109 Ala. 28; *Com. Bank v. King*, 107 Ala. 484; *Henry v. Hall*, 106. Ala. 84. But we do not concede that it was illegal. The conduct of the defendant in dealing with it was so inseparably connected with and interwoven into the transaction involving the negotiaton, sale and delivery of the set purchased, a reference to it and the set sold could hardly be avoided. Indeed it could not be avoided unless the witness only testified to a part of the transaction and not the whole of it.—*C. St. L. & P. R. R. Co. v. Spillker*, 134 Ind. 393; *People v. Vernon*, 95 Am. Dec. 57, and note.

It was entirely competent for the State to rebut the statement made by the defendant's witness Calvin Oliver that he had never told Reasonover that the defendant had a set of harness for sale.

No exception was reserved to the charge of the court and there was no request by the defendant of the court to instruct the jury upon that phase of the case involving the offense of petit larceny. Indeed there was no room under the evidence for consideration by the jury of that question. The fact is undisputed that the harness was stolen from the buggy-house of its owner after a breaking and entry. The complaint made in counsel's brief of the failure of the court to charge upon the offense of petit larceny involved in each of the counts of the indictment, seems to be predicated upon the idea that the defendant's possession of the harness recently after the burglary and the sale of it by him may be referable to his receiving the harness, knowing it was stolen and yet unaware of the fact that a burglary had been committed by the person at the time of the larceny. This theory might be plausible if the indictment contained a count charging him with the offense of knowingly receiving stolen property. But there is no such charge in the indictment, and no matter how strong the proof might have been tending to establish that he received the harness from another, knowing it to have been stolen, he could not be convicted of that offense under this indictment.

There is no error in the record, and the judgment is affirmed.