# Johnston *v.* Lindsey Bros.

## *Assumpsit.*

(Decided Nov. 14, 1911, 56 South. 762.)

1. *Trial; Evidence; Objection.*—Where the action was in assumpsit for goods sold and work done, and the plaintiff, while a witness on the stand, mentioned several items of the account as being based on facts within his knowledge, and stated that he knew that the defendant owed the amount of the account, and that defendant had admitted the correctness of the account when an itemized statement was presented to him, a motion to exclude his testimony because he did not know the items constituting the account, was based on a mistake of fact, and was properly overruled.

2. *Same; Sufficiency.*—Where it appeared that the entries on plaintiff's account book were made from memoranda on slips of paper by

[Johnston v. Lindsey Bros.]

the persons making the sales or doing the work, on which the charges were based, and the correctness of some of the charges was testified to by persons knowing the facts, and the defendant admitted the correctness of a number of the items embraced in the account, an objection to the admissibility in evidence of the account as a whole was properly overruled, under the rule that an objection to the whole where a part is admissible. may be properly overruled.

3. *Appeal and Error; Harmless Error; Evidence.*—Where a defendant admitted the correctness of some of the items of an account his case was not prejudiced by the admission in evidence of the book entries of such items.

4. *Charge of Court; Applicability to Evidence.*—Where there was evidence supporting plaintiff's claim, independent of the admissions of the defendant, a charge assuming that the only evidence supporting the claim was the defendant's admission, was properly refused.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit by Lindsey Bros. against W. M. Johnson. Judgment for plaintiff and defendant appeals. Affirmed.

INGE & McCORVEY, for appellant. The court erred in not excluding the account books as it appears from the evidence that they were not original entries made by the party himself, and no effort was made to show that the parties making them were dead or out of the jurisdiction of the court.—*Dismukes v. Tolston,* 67 Ala. 368; *McDonald v. Carnes,* 90 Ala. 147; *Hart v. Kendall,* 82 Ala. 144; *Bowling v. Fannin,* 97 Ala. 619; *Wager Lumber Co. v. Sullivan L. C.,* 120 Ala. 558; *Snow Hardware Co. v. Loveman,* 131 Ala. 221. Counsel discuss other assignments of error but without further citation of authority.

RICKARBY & BONNER, for appellee. No brief came to the Reporter.

WALKER, P. J.—The ground of the defendant's motion to exclude the testimony of J. R. Lindsey, one of the plaintiffs, as to the correctness of the account, or

as to the correctness of any of the items; was "that it is shown that the witness' testimony is based absolutely on hearsay, and because of the witness' own statement that he did not know a single item that constituted the bill." This ground of objection was not based upon fact. Not only is it not true that the witness stated that he did not know a single item that constituted the bill, but in the course of his testimony he mentioned several items as based upon facts within his own knowledge, that he did some of the work covered by the account, that he himself sold to the defendant most of the articles named in it, that he knew that the defendant owed the amount of the account because he (witness) sold most of it himself, and checked all the bills he got; and, besides, the witness testified to admissions made by the defendant of the correctness of the account when an itemized statement of it was presented to him. The motion to exclude was properly overruled, because it was grounded on a palpable misstatement of fact.

The account sued on covered the period from June 14 to August 1, 1909. The entries on the plaintiff's account book were made by three persons, one of them making the entries under the dates from June 14th to June 18th, both inclusive, another making the subsequent entries to and including July 17th, and still another person making the rest of the entries. Each of the three persons testified in regard to the entries made by him. The several parts of the account as shown on the book and covered by the testimony of the three witnesses were successively offered in evidence, and then the plaintiffs offered in evidence the account as a whole as shown on the book. The defendant successively objected to the admission in evidence of the several portions of the account testified about by the three witnesses, respectively, and of the account as a whole

when it was offered; the ground of objection now relied on being that the entries were not original entries, and were not made by persons having knowledge of the facts or of the correctness of the several charges. In neither instance was the whole of the evidence objected to subject to the objections made. While the persons who made the entries did not have knowledge of the correctness of the charges, and made the entries from memoranda written on slips of paper used by the persons making the sales or doing the work upon which the several charges were based, yet the correctness of some of these charges was testified to by persons claiming to have knowledge of the facts. Besides, it plainly appears from the testimony of the defendant himself that he was not disputing; but, on the contrary, was admitting the correctness of a number of items embraced in the account.

He could not have been prejudiced by the admission in evidence of the account book entries of items the correctness of which he did not question. In each instance he made his objection so broad as to cover charges which he was confessing to be unobjectionable. As each of these objections went to the whole of the evidence objected to, part of which was not subject to the objection or was not prejudicial, the court is not to be put in error for overruling the objections.—*Alabama Midland R. Co. v. Darby & Son*, 119 Ala. 531, 24 South. 713; *Harper v. State*, 109 Ala. 28, 19 South. 857.

In view of the conclusion above stated that the court was not in error in its rulings on the defendant's objections to the proof of the account sued on, it is plain that the tenth and eleventh assignments of error, based upon the refusal of two written charges requested by the defendant, cannot be sustained. Each of these

[Russell v. First Nat. Bank of Hartselle.]

charges involves the assumption that the only evidence
in the case supporting the plaintiff's claim as made in
their complaint was that in reference to his admissions
and promises on the subject. The assumption is un-
warranted. Independent of the evidence as to the de-
fendant's admissions and promises, there was evidence
tending to support the claim of the plaintiffs as set up
in their complaint. For this reason, the refusal of
those two charges may be justified, without considering
whether they were otherwise subject to objection.

Affirmed.