# Grubbs *v.* Vicksburg and Brunswick Railroad Company.

*Summary Proceeding by Railroad Company, against Defaulting Subscriber for Stock.*

1. *Liability of subscriber for stock in incorporated company ; notice of call.* — Generally, when the law requires notice to be given to a party, but does not specify the mode in which it shall be given, personal notice must be given and proved, before any liability can be fixed on him ; but this principle does not apply to the case of a defaulting subscriber to the capital stock of an incorporated railroad company, when such personal notice is not required by the charter of the company, nor by the terms of the subscription.

2. *Error without injury in rulings and charge as to irrelevant evidence.* — The rulings of the court below in reference to the admissibility and effect of irrelevant evidence, which the record affirmatively shows could not have prejudiced the appellant, are no ground for a reversal of the judgment.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. McCALEB WILEY.

This was a summary proceeding by the appellee, a corporation chartered under the laws of this State, by notice and motion, for a judgment against the appellant, as a defaulting subscriber to the capital stock of said corporation.   The notice was signed by the treasurer of the corporation, and was executed by the sheriff.   The assignments of error in this court relate to the rulings of the court below as to the admissibility of evidence, and the charges to the jury as to the effect of this evidence ; but the opinion of the court renders it unnecessary to give a further statement of the facts.

BUFORD & DENT, for the appellant.

SHORTER & BROTHER, *contra.*

PETERS, C. J. — This is a suit instituted by a railroad company, against a subscriber of stock, to enforce the payment of an instalment on the share of such stockholder's subscription, which had been called for by the president and directors of said company, and the stockholder had failed to pay it. There was a defence upon the pleas of the general issue and failure of consideration, on the trial in the court below; and a bill of exceptions was taken by the defendant Grubbs, to the action of the court on the admission of certain testimony offered by the plaintiff, and to the charge of the court, and the refusal of the charge asked, as shown more fully below. The judgment was for the plaintiff in the court below, and the defendant appeals to this court, and here he insists on the objections reserved in his bill of exceptions, as error.

1. It is insisted by the appellant, that the evidence does not show a right to sue in the plaintiff, because it does not appear that the defendant was in default when the suit was begun; in other words, that the defendant was not bound to pay, until there had been a proper assessment of the instalment which he was required to pay, and a proper notice of this assessment had been given to him personally, and he refused or failed to pay the same at the time appointed, after such personal notice of the call. Is this a correct exposition of the law of this case? I think not. The evidence is all set out in the bill of exceptions, and, as I understand it, there is no conflict. It appears that the company was regularly incorporated by law of this State; that it was regularly organized under this law; and that the agreement for subscription of stock was in writing, and in these words: "We agree to pay the several sums set opposite our names, as a subscription to the capital stock of the Vicksburg & Brunswick Railroad Company, to be paid as called for by the president and directors of said company when organized;" to which the defendant's name was subscribed, for $1,000.

Under this contract, the defendant was required, by resolution of said president and directors of said company, adopted on the 21st day of September, 1871, to pay an instalment of twenty per cent. on his said subscription, which was $200, on the 1st day of November, 1871. Said instalment was required to be paid to Macon, the treasurer of said company, at Eufaula, Alabama. The evidence shows that this sum was not paid on the day appointed, and this suit was afterwards commenced to enforce its payment.

The act of incorporation, under which this company is organized and acting, declares, "That the said president and directors shall have power to require the stockholders of said company to pay such instalments on their respective shares of

stock in said company, at such times as they may think best for the interests of said company;" and "that upon the failure or refusal of any stockholder to pay any instalment called for by the president and directors of said company, or if, upon the sale of the stock held, it should be sold for less than the amount due upon the instalment called for, then the said president and directors, *on giving twenty days' notice* to said defaulting stockholder, *may proceed, by their attorney, to move the circuit court* [of the county] in which said stockholder may reside, *for judgment against the stockholder, for the amount called for* by said president and directors of said company, or, as the case may be, for any balance or deficiency that may be due to said company on said instalment so called for, after the sale of any stock held in said company by said defaulting stockholder; and said court is hereby authorized and empowered and required *to render judgment against said defaulting stockholder*, at the term of the court at which said motion is made; and *all notices*, which shall be required to be given to any delinquent stockholder, *shall be issued* by and in the name of the company, and signed by the secretary of said company; and *said notice shall be served* by the sheriff, or other legal officer of the county in which said stockholder may reside, and *said notice shall be executed and returned* by said officer to the office of the clerk of the court, *as in case of common writs.*" Acts 1866–1867, pp. 188, 191, §§ 9, 10. This is all the notice required to be given by this act. This is a notice in lieu of a summons, to bring the defaulting stockholder into court, to give jurisdiction of the person. This must, of course, be personally served on the defaulting stockholder, by the sheriff or other proper officer, unless the stockholder appears, and waives such service. Here, there was both service of notice on the person of the defaulting stockholder, and he appeared and pleaded to the merits. The notice here referred to is to be executed and returned " as in case of common writs." This, I think, excludes the idea that any other notice than the notice of motion for judgment is intended. It seems that this notice was properly issued, properly served, and returned into court, and that no objection to its sufficiency was taken in the court below.

The questions raised on the proof of notice, in the newspaper, that a call for instalments would be made, or had been made, present matters wholly irrelevant to the issues in this case, and have nothing to do with it. Such notice is not one that the charter of the company requires to be made. It is true, nevertheless, as a general principle, that where the law requires notice to be given to a party before a liability can be fixed upon him, and the mode of giving such notice is left

[Calloway *v.* Kirkland.]

undetermined, it should be given personally, and in fact, and so proved. *Lincoln* v. *Wright*, 67 Penn. St. R. 76. But the defendant in this case was not entitled to any such notice. The president and directors of the company had the power to make the call for instalments, and fix its amount, and the time of its payment, " as they may think best for the interest of the company ; " and upon the *failure* or *refusal* to pay the instalment called for, then the motion for judgment may be made for the instalment so called for, on twenty days' notice of the motion. Act, sec 10, *supra.*

2. The fact of the notice of the call, or that a call would be made, could not hurt the defendant. It was his right and his duty to know what the company was doing. Whether it was one way or the other, did not affect the defendant's liability in any way whatever. Then, the manner of its proof did not injure him ; and, without injury, there is no error. The rule is, that an error, not injurious to the party complaining, will not avail to reverse. 1 Brick. Dig. p. 780, § 96. And for a like reason, the charge of the court, *mero motu,* on the effect of irrelevant evidence, which does not hurt the defendant who excepts to it, is no error which will reverse. Rejecting the evidence of notice of the call for the instalment to the defendant, before the suit, as unnecessary and irrelevant, the testimony set out in the transcript is sufficient to entitle the plaintiff to a verdict and judgment. The refusal to charge, on the defendant's motion, " that, if they (the jury) believed the evidence, they must find for the defendant," was properly refused. The judgment of the court below is affirmed.