# Mobile & Montgomery Railway Co. v. Yeates.

*Action on Judgment recovered in suit against the Mobile & Montgomery Railroad Company.*

1. *Corporation admits identity of name by appearing and pleading.*—In an action against a corporation sued by the name of the Montgomery and Mobile *Railroad* Company, an appearance by attorney and pleadings filed in the name of the Montgomery and Mobile *Railway* Company are a conclusive admission, in a subsequent action on the judgment, of the identity of the two corporations.

2. *Parol evidence; may be received in aid of judgment.*—The record of such a judgment, unaided by parol evidence, might be conclusive as to the identity of the corporations; but there is no error in receiving parol evidence in aid of it.

3. *Attorney and client; what communications between are privileged.*—Professional communications between attorney and client are regarded as confidential, and are protected on grounds of public policy; but the rule does not extend to communications openly made in the presence of third persons, nor can the attorney refuse to disclose by whom he was employed in a judicial proceeding.

4. *Argument before jury, regulated by the court.*—If the defendant's counsel declines to address the jury, the court may nevertheless, in its discretion, permit a concluding argument by the plaintiff's counsel.

APPEAL from the City Court of Mobile.

Tried before Hon. O. J. SEMMES.

This was an action brought by J. K. Yeates against the Mobile and Montgomery Rail*way* Company. The complaint avers, that a judgment was recovered against the appellant, under the name of the Mobile and Montgomery Rail*road* Company. The defendant pleaded—1st, *nul tiel* record; and, 2d, want of service on the *railway* company, averring it to be a different corporation from the *railroad* company. On the trial, the record of the judgment on which suit was brought was in evidence, and it appeared that the suit had been brought against the M. & M. *Railroad* Company; that the M. & M. *Railway* Company had appeared, by attorney, and filed pleas in the case, as defendant therein. R. Inge Smith, Esq., being called as a witness by the plaintiff, stated that all he knew about the case was derived from his client, while the relation of client and attorney existed, and he claimed it as a privileged communication. The defendant objected to Mr. Smith's testifying to any fact obtained from his client in the course of his employment. The court overruled the objec-

tion, and the defendant excepted.  The witness then testified, that he appeared in court to assist in defending this case, but that he did not recollect the facts in this particular case ; that he and Mr. Gregory L. Smith were partners, and were the retained attorneys of the railway company ; that it was customary for the defendant to send them papers in cases, and statements of facts and lists of witnesses ; that he saw such a statement in the office in the Yeates case, soon after it was brought, but he did not know how it came there ; that they looked to the railway company for their pay in the case, and the bill was made out against the railway company ; that he thought the bill had been paid, and he had no doubt but that he defended for the railway company.  On cross-examination, the witness stated that all the pleadings in the cause were filed by his partner, G. L. Smith ; that his firm were the attorneys for the *railway* company and for the *railroad* company.  Defendant asked the witness if his firm did not defend suits against the railroad company on instructions from the *railway* company, and look to the railway company for their pay.  Plaintiff objected to the question ; the court sustained the objection, and defendant excepted.  Defendant then asked the witness if his firm did not defend the suit of *Meaher v. The Railroad Company*, and receive pay for their services from the railway company.  Plaintiff objected to the question, and the court sustaining the objection, the defendant excepted.  The other facts in the case appear in the opinion of the Court.

One of the attorneys for the plaintiff opened the case with an argument to the jury.  Then one of the attorneys for the defendant said he had a charge to ask, which was in these words : " I charge you that under the evidence you must find for the defendant ;" and said he had no argument to make to the jury, but did make an argument to the court in the presence of the jury, in which he commented on the evidence. The other attorney for the defendant then addressed the court in the presence of the jury, and reviewed the evidence.  The other attorney for the plaintiff, after having addressed the court in reply to the arguments for the defendant, turned to address the jury, when the defendant objected to his doing so.  The court overruled the objection, and permitted the argument to be made, and defendant excepted.

Defendant requested the court to charge the jury—1. That under the evidence they must find for the defendant.  2. Unless the evidence shows that the railway company existed, at the time the liability accrued, and the judgment was rendered, you must find for the defendant.  And this you must find

from the testimony. Although you know that the railway company did exist at this time, unless you derive the knowledge from the evidence in the case, you must find for the defendant. 3. The plaintiff can not recover of the defendant in this case, unless the jury are satisfied from the evidence that the Mobile & Montgomery *Railway* Company and the Mobile & Montgomery *Railroad* Company were one and the same corporation at the time of the trial of the original suit on which this is predicated. 4. The plaintiff can not now contradict the record, that he originally sued the Mobile & Montgomery Railroad Company, nor set up that he did not intend to do what the record shows that he did do.

The court refused to give these charges, and the defendant excepted separately and severally to each refusal. There was a verdict for the plaintiff. The refusal to give the charges asked, and the rulings of the court on the evidence, and in allowing plaintiff's counsel to address the jury, were assigned as error.

G. L. SMITH, for appellant.

SHELDON & McKINSTRY, for appellee.

SOMERVILLE, J.—In January, 1877, suit was instituted by the appellee against the Mobile & Montgomery *Railroad* Company. Process was served on George Nason, as general agent for the said defendant company.

Upon the trial of the cause an appearance was entered, and a defense of the action was made by the appellant, who *pleaded* under the corporate name and style of the Mobile & Montgomery *Railway* Company. Demurrers were interposed and appear upon the record in the name of the appellant, and both demurrers and pleas style the said rail*way* company to be "the *defendant*" in the suit. The evidence shows that the attorneys, who defended the suit, were employed and paid by the M. & M. Rail*way* Company, and the said George Nason is shown to have held the same office under both companies, and process was served on him as agent in the present suit, as well as in the one against the M. & M. Rail*road* Company. There is no evidence which tends to prove that this appearance and defense were made without unmistakable authority on the part of the counsel. On April 12, 1878, judgment final was rendered against said Mobile & Montgomery *Railroad* Company, upon which execution issued with a return of "no property found." On February 12, 1879, this suit against appellant was brought on the said judgment, which is averred in legal effect to be a judgment against the

appellant rail*way* company, and binding as such on it.  The conclusiveness of this judgment is the main question raised by the rulings of the court below on the evidence, and the various charges asked and refused.

We think the facts of this case work an *estoppel* on the appellant.  The *pleadings*, which substantially aver the appellant to be the real and true *defendant*, who was erroneously sued under another name, constitute a solemn or judicial admission of the identity of the two corporate companies, the Mobile & Montgomery Rail*road* Co., and the Mobile & Montgomery Rail*way* Co.  Such admissions *in judicio*, made solemnly and deliberately in the course of the regular proceedings in a court of justice, are the highest substitutes for so many proofs of fact, and are binding conclusively on parties and privies.  *Res judicata inter partes jus facit.*  The question is not whether there is an actual identity of parties, but simply whether there is a conclusive *admission* of such identity, which precludes a subsequent denial of it, or repudiation of its truth.—1 Greenl. Ev. §§ 27, 205, 22.

The admission has, furthermore, been acted on by the plaintiff in the judgment, who might otherwise have amended his pleadings or dismissed and recommenced his action as circumstances required, and the law permitted.  Good faith and a sound public policy now forbid that he shall be prejudiced by any attempt to gainsay or deny what has been thus solemnly admitted.

The record, unaided by extrinsic proof, might be conclusive, but there was no error in sustaining the record by parol evidence.  This is not a contradiction, but a verification of the record.  Even where the proceedings fail to set out or show the true name of a litigant, the better doctrine seems to be that parol evidence is admissible to establish the fact, that the parties in two separate suits are really, though not nominally, the same.  Such seems to be the doctrine very clearly enunciated by this court in *Tarleton v. Johnson*, 25 Ala. 300.  So it has been held that the record of a judgment against *James* R. is admissible in an action against *Joseph* R., if it is made to appear that the latter was the same person, and was a party to the suit, and actually defended it.—*Stevelie v. Read*, 2 Wash. Cir. Ct. Rep. 274.

The law very properly protects certain professional communications between attorney and client as confidential, on grounds of public policy.  This does not apply to matters openly communicated or disclosed in the presence of third parties, and it has often been decided that an attorney may be required to disclose by whom he is employed in a judicial

[Moses et al. v. St. Paul et al.]

proceeding. There was no violation of professional confidence in the statement made by the attorney for the appellant, and the court correctly overruled the objection to it. *Martin v. Anderson*, 21 Geo. 301 ; *Broun v. Payson*, 6 N. H. 443 ; 2 Best on Ev. § 581, note (1).

It was a matter of discretion with the lower court to permit the plaintiff's counsel to close the argument after the refusal of the defendant's counsel to address the jury, and such action is not revisable on error.

The charges requested by appellant's counsel are plainly incompatible with the above views, and were properly refused.

The other rulings of the court on the admission of evidence were error without injury, if error at all. The result of the suit, as affirmatively shown by the record, could not possibly be affected by them, and they are therefore no grounds for reversal.—*Lyles v. Clements*, 49 Ala. 445 ; *Grubbs v. Railroad*, 50 Ala. 398.

The judgment of the City Court is affirmed.