# Sheppard *v.* The State.

## *Murder.*

(Decided May 11, 1911.  55 South. 514.)

1. *Criminal Law; Evidence; Declaration of Conspirators.*—Where the prosecution was for a homicide alleged to be the result of a conspiracy, a declaration by one of the conspirators, just before the killing, and while they were leaving the place where they had been at supper, "I got to go too; I am with them; I am on to him; I see him," was admissible to show common design, whether the same referred to the deceased being a question for the jury.

2. *Trial; Reception of Evidence; Limitations.*—Where a declaration of a conspirator was admissible as indicating a common design it was not proper for one claiming that the evidence was inadmissible as against her to object to its admission, her remedy being to request a limitation of its application.

3. *Homicide; Instructions; Time of Request.*—Where several were jointly tried for murder committeed as a result of a conspiracy, the court properly refused to give a general charge for one of the defendants at the close of the State's evidence, as the court was not called upon to give any instructions until the evidence was all in.

4. *Same; Conspiracy; Abandonment of Attack.*—Where defendant entered into a conspiracy to murder the deceased, which resulted in the accomplishment of its design, she could not relieve herself of guilt by abandoning the actual attack after having taken part in its inception.

5. *Trial; Argument of Counsel.*—Notwithstanding the defendant's attorney had declined to make an argument, it was within the discretion of the court to permit an attorney assisting the solicitor to close the argument.

6. *Witnesses; · Competency; Accussed Persons.*—Where several were jointly indicted and tried for murder as the result of a conspiracy, one of the defendants could be called as a witness without dismissing the charge against him, as he could properly protect himself by refusing to answer questions tending to incriminate him. ·

7. *Charge of Court; Request to Charge.*—A charge asserting that the jury could not find the defendant Sheppard guilty unless the evidence showed beyond a reasonable doubt that she conspired with her co-defendant, and one E. to commit an unlawful act on the deceased and that she did "not" participate in the killing of deceased was properly refused.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Alice Sheppard was convicted of murder, and she appeals. Affirmed.

The facts sufficiently appear in the opinion. The following charges were refused to the defendant. (1) and (2) The affirmative charges. (4) "I charge you, gentlemen of the jury, that unless you find from all the evidence in this case beyond a reasonable doubt that the defendant Alice Sheppard conspired with her codefendant and Emma Smith to commit an unlawful act upon the deceased, Houlditch, and that she did not participate in the killing of said Houlditch, you must find the defendant Alice Sheppard not guilty." (5) "I charge you, gentlemen of the jury, that if you find from all the evidence in the case beyond a reasonable doubt that although Alice Sheppard made an attack upon the deceased, Houlditch, if you so find from the evidence, yet unless you further find from all the evidence in the case that said attack was made in pursuance of the common purpose of the other defendant, and that she did not participate in the killing of the deceased, you must find the defendant Alice Sheppard not guilty." (6) "I charge you gentlemen of the jury, that if you find beyond a reasonable doubt from all the evidence in the case that the defendant Alice Sheppard, after she had attacked Cleve Houlditch, if you find that she did attack said Houlditch, she abandoned said attack, and did not participate in the killing of said Houlditch, you cannot find the defendant Alice Sheppard guilty of any higher offense than assault and battery."

J. O. MIDDLETON, for appellant. Counsel discussed the errors assigned, but without citation of authority.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. From the evidence in this case it was a question for the

jury whether or not a conspiracy existed, and the evidence objected to, tended to shed light on that question and was hence admissible.—*Ferguson v. The State,* 134 Ala. 69; *Tanner v. The State,* 92 Ala. 1; *Williams v. The State,* 81 Ala. 1; *Martin v. State,* 89 Ala. 115; *Gibson v. The State,* 89 Ala. 128; *Roland v. The State,* 105 Ala. 41; *Burney v. The State,* 87 Ala. 82. The affirmative charges were properly refused.—*Turner v. The State,* 97 Ala. 57. Charge 4 was properly refused.—*Daughdrill v. The State,* 113 Ala. 7. Charges 5 and 6 were properly refused.—*Crawford v. The State,* 112 Ala. 1; *Adams v. The State,* 115 Ala. 90. It was within the discretion of the court to permit the State to close the argument although defendant's counsel had declined to address the jury.—*M. & M. R. Co. v. Yeates,* 67 Ala. 164.

SIMPSON, J.—The appellant was indicted, with Emma Smith, Wiley Young, and William McCary, for the murder of Cleve Houlditch. Emma Smith pleaded guilty, appellant and Wiley Young were convicted of murder in the first degree, and William McCary was acquitted. The theory of the state is that a conspiracy existed among all of the defendants to murder said Houlditch. All of the defendants had been at a supper, and left at the same time. The deceased was found, with his throat cut, his skull crushed, and other severe wounds in the side, either of several being, according to the opinion of physicians, sufficient to have produced death.

There was no error in overruling the objection to the testimony of Buck Davis that, as the defendants were all going out the gate, Wiley Young, who was a little behind the others, said, "I got to go, too; I am with them; I am onto him; I see him; I am onto him." It

was for the jury to say, under all the evidence, whether the remark referred to the deceased. A conspiracy may be proven by circumstantial evidence, and this remark, besides tending to show the animus of Wiley Young (who is not appealing), was a circumstance to be considered by the jury as to the common design.— *Martin v. State,* 89 Ala. 115, 119; 8 South. 23, 18 Am. St. Rep. 91.

Even if this defendant conceived that the remark furnished no evidence against her, her proper course would have been to request the court to limit the application of the evidence.—*Williams v. State,* 81 Ala. 1, 10, 1 South. 179, 60 Am. Rep. 133; *Ponder v. Cheeves,* 104 Ala. 307, 314, 16 South. 145.

At the close of the state's evidence the defendants requested the court to give the general charge as to William McCary, which was refused; the court saying, "We won't try these cases piecemeal." There was no error in this. The court could not be called upon to give a charge until all of the evidence for both the state and the defendants was in.

The defendant contends that the evidence showed that Will McCary did not join in the conspiracy, and that, if the charge had been given, she could have used McCary as a witness in her behalf. She could have used him without the charge, and he could have protected himself by refusing to answer any question tending to criminate himself.

There was no error in the refusal to give charges 1 and 2, each being the general charge as to this defendant, nor in the refusal to give the third charge, as there was evidence tending to show that this defendant was in the conspiracy, and was actively aiding Emma Smith, who, the evidence tended to show, inflicted at least one of the deadly wounds.

[Sheppard v. The State.]

There was no error in refusing to give charge 4. Besides the fact that it charges that this defendant could not be found guilty unless the jury found that she did *not* participate in the killing, if she was in the conspiracy and her co-conspirators actually did the killing, she would be guilty.—*Williams et al. v. State,* 81 Ala. 1, 5, 10, 11, 1 South. 179, 60 Am. Rep. 133; *Martin v. State, supra; Ex parte John Bonner,* 100 Ala. 114, 119, 14 South. 648; *Sankey v. State,* 128 Ala. 51, 54, 29 South. 578.

There was no error in the refusal to give charge 5. It charges that this defendant could not be found guilty, "*unless* said attack was made in pursuance of the common purpose of the other defendants, and that she did *not* participate in the killing." In other words, they could not find her guilty unless they found that she was not guilty.

There was no error in the refusal to give charge 6. If this defendant entered into the conspiracy to murder the deceased, which resulted in the accomplishment of its design, she could not relieve herself of guilt by abandoning the actual attack after taking part in its inception.—Authorities supra.

The matter of allowing the attorney assisting the solicitor to close the argument, notwithstanding the defendant's attorney declined to make an argument was within the discretion of the court, and is not reversible error.—*M. & M. Ry. Co. v. Yeates,* 67 Ala. 164.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.