Carl Turner WEAVER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18715.

United States Court of Appeals
Fifth Circuit.

Oct. 20, 1961.

M. A. Marsal, Mobile, Ala., for appellant.

Ralph Kennamer, U. S. Atty., Mobile, Ala., for appellee.

Before CAMERON and WISDOM, Circuit Judges, and CHRISTENBERRY, District Judge.

CAMERON, Circuit Judge.

Upon evidence obtained by federal agents without a search warrant, the appellant Carl Turner Weaver was indicted and convicted of having in his possession untaxed whiskey. From this conviction Weaver appeals on the ground that the district court erred in denying his motion to suppress and overruling his objections to admitting evidence so obtained. This appeal presents the question whether the district court should have granted the appellant's motion to suppress the evidence on the ground that it was obtained through an unlawful search and seizure.

The evidence, consisting of the testimony of the two federal officers, was undisputed. On November 3, 1959, the two revenue officers placed themselves at a point of surveillance in a field about fifteen yards from the house in which appellant stated he resided. They arrived at the scene about 6:00 P.M. after having received information that untaxed liquor was being stashed in, and on occasions hauled away from, the house; and the officers had waited from twenty to thirty minutes for some person or persons to put in an appearance at the house.

Although the information that the house was being used on occasions to store whiskey was received by the officers some days prior to the arrest, they had not procured a search warrant, because they did not believe that the information, though reliable, furnished sufficient ground for obtaining a warrant. This was their first visit to the house after receipt of the information.

After waiting the brief period mentioned, the officers observed a 1952 Ford automobile drive into the driveway and park near the back door of the residence. The appellant and a man named Richardson got out of the automobile and went into the rear door of the house and turned on a light. Shortly thereafter, Richardson came out, followed by appellant, each carrying objects in his hands the size and shape of gallon jugs. Two trips were made to the automobile, and the men were seen by the officers carrying these objects in paper bags. Thereupon, the officers entered the house and found the appellant with four jugs of untaxed alcohol, each in a paper bag, on his person. One of the agents then took appellant by the arm and placed him under arrest. After examining the jugs and finding them to be filled with untaxpaid liquor, the agents went to the automobile that was parked near the back door and found twenty one-gallon jugs containing whiskey, which had been placed on the car floor, including the space from which the back seat had been removed. These jugs were in paper bags, and it could not be ascertained whether they contained untaxed liquor until the bags were opened and the caps were removed from the jugs.

■ The Fourth Amendment prohibits unreasonable searches and seizures, and its protection extends to both houses and effects. The Supreme Court and this Court have condemned certain searches as unreasonable. See Weeks v. United States, 1914, 232 U.S. 383, 34 S. Ct. 341, 58 L.Ed. 652; Agnello v. United States, 1925, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145; Walker v. United States, 5 Cir., 1955, 225 F.2d 447; and see Lee v. United States, 1956, 98 U.S.App.D.C. 97, 232 F.2d 354. Only where incident to a valid arrest, United States v. Rabinowitz, 1950, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, or in exceptional circumstances, Johnson v. United States, 1948, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436, may search without warrant be made; and then the burden is on those invoking the exception to produce facts to justify it.

■ The majority of this Court is of the opinion that, under the authorities cited and many others laying down like principles, neither the search of the house nor that of the car, nor the arrest were legal and that the evidence seized by the officers should not have been admitted against the appellant. The judgment of the court below, sitting by agreement without a jury, in which the appellant was found guilty and sentenced to imprisonment is reversed and the case is remanded.

Judge CAMERON disagrees with the conclusion of the majority. He thinks that the undisputed facts in evidence warranted, at least, the seizure of the whiskey in the car, which alone furnished ample basis for the judgment appealed from. He thinks that the reliable information received by the federal agents, supplemented by the action of appellant in placing the whiskey in the car, was sufficient to warrant seizure of the liquor in the car and the arrest of the appellant under the authority, *inter alia,* of the Act of September 2, 1958, 26 U.S.C.A. § 7608.[1]

1. "Any investigator, agent, or other internal revenue officer by whatever term designated, whom the Secretary or his delegate charges with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of subtitle E or of any other law of the United States pertaining to the commodities subject to tax under such subtitle for the enforcement of which the Secretary or his delegate is responsible, may—

\* \* \* \* \*

"(3) in respect to the performance of such duty, make arrests without warrant

He is of the opinion, moreover, that the evidence was admissible and the judgment of the court was proper under a recent case of this Court, Johnson v. United States, 5 Cir., 1960, 283 F.2d 771; and the decisions of the Supreme Court in Johnson v. United States, 1948, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; and Husty v. United States, 1931, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629; and cf. United States v. One 1957 Ford Truck, 10 Cir., 1959, 265 F.2d 21.

For the reasons stated Judge CAMERON dissents.

Reversed and remanded.

for any offense against the United States committed in his presence, or for any felony cognizable under the laws of the United States if he has reasonable grounds to believe that the person to be arrested has committed, or is committing, such felony; and

"(4) in respect to the performance of such duty, make seizures of property subject to forfeiture to the United States."