

Oscar Douglas Nelson, Jr., pro se.

Edward F. Boardman, U. S. Atty., Charles S. Carrere, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of the Court, this case has been placed on the summary calendar for disposition without oral argument.[1]

1323

**Wadie KIEL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25988.**

United States Court of Appeals Fifth Circuit.

Feb. 10, 1969.

---

1324

The single issue presented on this appeal is whether probable cause existed for an arrest and a search incident thereto for violation of the internal revenue laws. The district court found probable cause. This set the stage for the admission of evidence obtained during the search and resulted in the conviction of the appellant for possession and concealment of nontax paid spirits. 26 U.S.C.A. §§ 5205(a) (2) and 7206(4). We conclude that the search was incident to the arrest[2] and that the district court did not err in finding probable cause.

The following are the facts which the district court considered adequate to establish probable cause for the arrest. The government had received information from a reliable source that persons "were hand carrying moonshine whisky in brown paper bags into the vicinity of Hamilton Street and Beauregard Street intersection in Mobile County, Alabama." A revenue agent with twelve years experience in the Alcohol and Tobacco Unit in the Mobile area went to the area described by the informant. He there saw the appellant, a man whom he knew to be a previous alcohol law offender, open the trunk of his car, take out three brown paper bags with contents about the size and shape of one-gallon glass jugs, put them in the car, and drive off. The agent radioed other agents who stopped appellant's automobile a short distance away. They immediately found, in addition to the three packages containing one-gallon jugs of illegal whisky on the seat of the car, seventeen gallons of illegal whisky in the trunk.

Thomas M. Haas, Mobile, Ala., for appellant.

Vernol R. Jansen, Jr., U. S. Atty., Don Conway, Asst. U. S. Atty., Mobile, Ala., for appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

Pursuant to Rule 18 of the Rules of the Court, this case has been placed on the summary calendar for disposition without oral argument.[1]

■ A good statement of the test which must be applied in this case is contained in Beck v. Ohio, supra, 379 U.S. at 91, 85 S.Ct. at 225:

" * * * The constitutional validity of the search in this case * * * must depend upon the constitutional

---

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. See Wittner v. United States, 5 Cir., 1969, 406 F.2d 1165 [slip opinion dated January 23, 1969], Fn. 1 and Appendix thereto.

2. There are, of course, limits to the search that may take place incident to an arrest. Beck v. Ohio, 1964, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142; Nicholson v. United States, 5 Cir., 1966, 355 F.2d 80, 84.

validity of petitioner's arrest. Whether that arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense."

Quoting from Brinegar v. United States, 1948, 338 U.S. 160, 176, 69 S.Ct. 1302, 93 L.Ed. 1879, the Supreme Court, in *Beck*, went on to say:

"* * * The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating * * * often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice."

See also Carroll v. United States, 1925, 267 U.S. 132, 161, 45 S.Ct. 280, 69 L.Ed. 543, 555.

■ Probable cause was established in *Brinegar* and *Carroll* by the officer's sight of a known alcohol law violator coupled with circumstances such as a car appearing to be heavily loaded or a car traveling in a direction away from a suspected source of untaxed alcohol. The facts to establish probable cause for the arrest here are much stronger. We have a confidential informer, established as having been reliable in the past, pointing to the time and place of a violation; the presence of appellant at the time and place; a previous violation record known to the officer; the officer's vision of the three paper bags filled with what appeared to be one-gallon jugs; and the officer's knowledge that illegal whisky was usually handled in one-gallon jugs. We, therefore, have no difficulty in sustaining the district court's finding of probable cause.

Appellant contends that this case is controlled to the contrary by Weaver v. United States, 5 Cir., 1961, 295 F.2d 360. That case, however, is distinguishable in the important respect that the appellant here was known to the arresting officer as a previous offender. No such knowledge was present in *Weaver*. Both the *Carroll* and *Brinegar* cases testify to the importance of this added element.

Another point of distinction between *Weaver* and the instant case is that in *Weaver* the officers entered the defendant's residence for the purpose of the arrest and search. In fact, the search came first. Once in the house, they found the untaxed alcohol. Only then was the arrest made. The law has long differentiated between searches of homes and searches of automobiles. The differentiation is grounded on the greater ease and practicality in securing warrants as to residences. See Brinegar v. United States, 338 U.S. at pp. 176–177, 69 S.Ct. 1302; Carroll v. United States, 267 U.S. at p. 153, 45 S.Ct. 280. We hold *Weaver* to be distinguishable.

Affirmed.