The appellant was indicted and convicted for the offense of possession of marijuana after having been previously convicted of possession of marijuana in the State of Alabama. Title 22, Section 258 (47), Code of Alabama 1940, Recompiled (now Section20-2-70, Code of Alabama 1975). The trial court imposed a sentence of five years' imprisonment. Appellant's retained trial counsel was appointed by the court to represent him on appeal.
Two grounds of error are asserted on appeal: (1) The admission of evidence of prior marijuana offenses and (2) the lack of probable cause to stop and search the appellant's automobile.
The sufficiency of the evidence to support the conviction was not challenged at trial nor is it raised on appeal. There was no motion to exclude the state's evidence, request for a directed verdict or the affirmative charge, no exceptions were taken to the oral charge of the trial court and there was no motion for a new trial. Under these circumstances we see no need to recite the evidence except as it pertains directly to the issues.
 I
In examining the arresting officer to establish probable cause to make the arrest and subsequent search, the state elicited testimony from Sergeant Robert Jackson of the Dothan Police Department that he had a personal knowledge of the appellant and that he had known the appellant for a long time. From the record:
 "Q. (District Attorney) Did you know anything about him being involved in marijuana?
"A. (Sergeant Jackson) Yes.
 "Q. Have you ever known of him being involved in the sale of marijuana?
 "MR. MAXWELL (Defense Counsel): Your Honor, we object.
 "MR. SORRELLS (District Attorney): I am laying probable cause, Your Honor. *Page 381 
 "THE COURT: Overruled. If he knows, I'll permit him to answer.
"A. Yes, sir.
"Q. Had you received information about that?
"A. Yes, sir.
 "Q. And were you familiar with any record that he had involving marijuana?
"A. Yes, sir."
The appellant alleges that this permitted proof of distinct and independent offenses and therefore constitutes reversible error.
In Hatton v. State, Ala.Cr.App., 359 So.2d 822 (1977), we find support for the proposition that the reputation of the accused, though insufficient in itself to support a finding of probable cause, may do so when combined with other factors. Certainly an officer's knowledge of a suspect's prior history or reputation is a material and relevant factor in establishing probable cause for the arrest of that individual. Yet clearly any prior involvement with marijuana by the appellant was inadmissible as evidence of his guilt under the general exclusionary rule of evidence which prevents the introduction of prior criminal acts for the sole purpose of suggesting that the accused is more likely to be guilty of the crime in question. Gamble, McElroy's Alabama Evidence, § 69.01(1), p. 134 (3rd ed.).
If an item of evidence is admissible for one purpose, it will be received in evidence despite the fact that there exists some other purpose for which it is not admissible. This is known as the doctrine of multiple admissibility. McElroy, supra, § 12.01, p. 11; Rollings v. State, 160 Ala. 82, 49 So. 329
(1909).
 "(W)hen an evidentiary fact is offered for one purpose, and becomes admissible by satisfying all the rules applicable to it in that capacity, it is not inadmissible because it does not satisfy the rules applicable to it in some other capacity and because the jury might improperly consider it in the latter capacity. This doctrine, though involving certain risks, is indispensable as a practical rule."
* * * * * *
 "Here, the only question can be what the proper means are for avoiding the risk of misusing the evidence. It is uniformly conceded that the instruction of the Court suffices for that purpose; and the better opinion is that the opponent of the evidence must ask for that instruction; otherwise, he may be supposed to have waived it as unnecessary for his protection:" 1 Wigmore, § 13, p. 300, 301 (1940 ed.). (Emphasis present in original).
This is the rule in Alabama. Cook v. Parham, 24 Ala. 21 (1853);Williams v. State, 81 Ala. 1, 1 So. 179 (1887). When such evidence has been admitted against the appellant his only remedy is to request the court to instruct the jury that the evidence is to be considered only for the admissible purpose. If he does nothing more than object to the admittance of the evidence, the overruling of such an objection gives him no ground for complaint on appeal. Williams, supra; Sheppard v.State, 172 Ala. 363, 366, 55 So. 514 (1911); Hanners v. State,147 Ala. 27, 34, 41 So. 973 (1906).
Because the witness's knowledge of the prior criminal activity in a related matter was admissible on the issue of probable cause though inadmissible to prove the guilt of the appellant and because defense counsel requested no limiting instructions, we find no error in the admission of the objected to testimony.
 II
The appellant maintains that the police officer who actually stopped the appellant had no probable cause to do so.
The governing facts are that Sergeant Jackson received a telephone call from a reliable informant in the early morning hours of April 29, 1977. The informant stated that, just a few minutes prior to the call, he had been with the appellant and the appellant had a large amount of marijuana. The informant stated that he had seen the marijuana in the appellant's automobile. Sergeant Jackson testified that he had known his informer for twenty years, that he had given reliable information in the *Page 382 
past, and had never given any false information. Apparently, it is not disputed that Sergeant Jackson had probable cause to personally stop and search the appellant.
Fifteen or twenty minutes after receiving the information, Sergeant Jackson spotted the appellant in his automobile traveling in the opposite direction. Sergeant Jackson turned around and radioed Officer Theodore Merritt to stop the appellant. Officer Merritt testified that he stopped the appellant as requested but had not been given the reason for stopping the appellant's vehicle.
The appellant argues that Officer Merritt had no probable cause to stop the appellant because he had no independent knowledge of any wrongdoing by the appellant.
In Cook v. State, 56 Ala. App. 250, 254, 320 So.2d 764 (1975), it was held that:
 "Where an officer who has probable cause to make an arrest radios ahead to have an automobile stopped the officers who stop such automobile have probable cause to arrest without a warrant and the ensuing search of the automobile is valid."
See also Brown v. State, 55 Ala. App. 615, 318 So.2d 311 (1975);Spurlin v. State, 46 Ala. App. 485, 243 So.2d 758, cert. denied,286 Ala. 738, 243 So.2d 763 (1969); McClendon v. State, Ala.Cr.App., 341 So.2d 174, cert. quashed, Ala., 341 So.2d 178
(1976).
Under these circumstances, the fact that the arresting or detaining officer did not personally have probable cause does not invalidate the arrest. Whiteley v. Warden, 401 U.S. 560,568, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); United States v.Calhoun, 542 F.2d 1094 (C.A.9 1976), cert. denied in Stephensonv. United States, 429 U.S. 1064, 97 S.Ct. 792, 50 L.Ed.2d 781.
 "When a superior officer orders another officer to make an arrest, it is proper to consider the superior's knowledge in determining whether there was probable cause. Likewise, when a group of agents in close communication with one another determines that it is proper to arrest an individual, the knowledge of the group that made the decision may be considered in determining probable cause, not just the knowledge of the individual officer who physically effected the arrest." United States v. Woods, 544 F.2d 242 (C.A.6 1976).
The knowledge possessed by the superiors of an individual arresting officer can be imputed to him in assessing whether probable cause existed for the arrest. United States v. Regan,525 F.2d 1151 (C.A.8 1975). The court may evaluate the knowledge of all officers collectively in assessing police justification for arrest. United States v. McManus,560 F.2d 747 (C.A.6 1977); Brewer v. Wolff, 529 F.2d 787 (C.A.8 1976);United States v. Vasquez, 534 F.2d 1142 (C.A.5 1976), cert. denied, Chavez-Cortinos v. United States, 429 U.S. 962,97 S.Ct. 389, 50 L.Ed.2d 330 and 429 U.S. 979, 97 S.Ct. 489,50 L.Ed.2d 587. See also United States v. Loundmannz, 153 U.S.App.D.C. 301, 472 F.2d 1376 (1972), cert. denied,410 U.S. 957, 93 S.Ct. 1431, 35 L.Ed.2d 691; Kiel v. United States,406 F.2d 1323 (C.A.5 1969).
 "The knowledge or information of the arresting officer at the time of arrest is relevant only where an arrest is predicated on that officer's personal observations and information concerning the criminal act. The correct test is whether a warrant if sought could have been obtained by law enforcement agency application which disclosed the corporate information, not whether any one particular officer could have obtained it on what information he individually possessed." Smith v. United States, 123 U.S.App.D.C. 202, 204, 358 F.2d 833, 835 (1968), cert. denied, 386 U.S. 1008, 87 S.Ct. 1350, 18 L.Ed.2d 448.
For other cases in support of these propositions see 4 West's Federal Practice Digest 2d, Arrest, Key Number 63.4(11).
We have carefully searched the record for error. Finding none we affirm the judgment of the trial court.
AFFIRMED.
All Judges concur. *Page 383