# West v. The State.

### Indictment for Arson.

1. *Organization of jury; quashing venire; refilling jury box.*
   The statute (Code of 1896, §§4982, 4985) providing that when the names in the jury box are exhausted, the jury commissioners must prepare a new list and re-fill the box, it is immaterial that in re-filling the jury box the jury commissioners acted under an invalid order of the court; and the giving of such order furnishes no ground for quashing the venire drawn from the jury box so filled.

APPEAL from the Circuit Court of Wilcox.
    Tried before the HON. JOHN MOORE.
    The appellant was indicted, tried and convicted of arson. When the case was called for trial, the defendant moved the court to quash the venire containing the juries drawn and summoned in the case upon the following grounds: "1st. Because the jury box from which the names of said jurors were drawn was, and is, an illegal jury box. 2d. Because the jury box from which the names of said jurors were drawn, was filled at a time not authorized by law. 3d. Because the jury box from which said jurors were drawn was filled, not by the board of jury commissioners of Wilcox county, but by the individuals composing said board, acting at a time not authorized by law and assembled without any authority of law. 4th. Because the jury box from which said jurors were drawn was filled under an order of the presiding judge of this court, which order was made by said judge under color of the authority of an act of the General Assembly of Alabama, approved February 9th, 1897, but which order said judge was not authorized to make, because at the time of the making of said order said jury box had no names therein,

but was empty." Upon the hearing of this motion it was proved by the defendant that the jury box of Wilcox county was empty and had no names of any juror in it at and before the time the judge of the circuit court made an order commanding the jury commissioners of said county to fill said box. This order of the circuit judge was set out in the transcript, and after fixing a time for the adjourned term of the circuit court for the purpose of the trial of criminal cases, then proceeded as follows: "It is further ordered that the jury commissioners of this county meet at the place required by law, and fill the jury box of said county with the names of suitable persons to serve as jurors as required by law, and then and there to draw therefrom, in the manner provided by law, the names of thirty persons to serve as petit jurors for each week of said adjourned term."

It was also proved that the names of the jurors set out in the venire and summoned as regular jurors for the week of the adjourned term at which the trial was had, and those drawn from the jury box by the presiding judge as special jurors to try this case, were drawn from said jury box as filled by the jury commissioners, acting under the authority of the order of the judge, which is above set out, and that the jury commissioners filled said box on December 23, 1897, at the court house in Wilcox county, the place provided by law for the said board to meet; that the said meeting of the board of jury commissioners was not on the next day after the adjournment of a regular term of the court of county commissioners of said county, but that said meeting of the jury commissioners was held solely under and in obedience to the said order of the circuit judge, and that the jury box at the time of said meeting, had the names of no juror in it, but was empty, and had been made empty by the names of jurors being drawn therefrom by the presiding judge at the last regular term of the circuit court.

Upon this evidence the court overruled the motion to quash the venire, and to this ruling the defendant duly excepted. This is the only question presented on the present appeal.

HOWARD & JONES, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—It is immaterial in this case whether the circuit court had the power to order the jury commissioners to refill the jury box or not, or whether the commissioners refilled it under that order. With or without that order the commissioners had the power and it was their duty to refill the box as and at the time they did refill it; and the venire drawn from the box so refilled was not open to the objection taken to it.—Code of 1896, § § 4982, 4985. The court properly overruled the motion to quash the venire, and its judgment is affirmed.

Affirmed.