(82 South. 469)

GLASS v. STATE. (5 Div. 725.)

(Supreme Court of Alabama. May 15, 1919.
Rehearing Denied June 19, 1919.)

1. CRIMINAL LAW ⬥1086(10, 11) — CAPITAL
CASES—ORDERS OF RECORD.

In capital cases, the statutory orders of the
court as to the setting of the day for trial, fix-
ing the number of the special venire, and that
a copy of the indictment and venire be served
on defendant, etc., are matters of record proper,
and must so appear, though service of the cop-
ies of the orders on defendant need not affirma-
tively appear.

2. JURY ⬥65—FILLING JURY BOX—DUTY OF
COMMISSIONERS.

Jury commissioners in capital cases should
be careful to comply with the statutes as to the
manner and mode of filling and keeping filled
the jury box of the county.

Appeal from Circuit Court, Chilton Coun-
ty; Gaston Gunter, Judge.

Perry Glass was convicted of murder in
the first degree, and he appeals. Reversed
and remanded.

See, also, 201 Ala. 441, 78 South. 819.

Longshore, Koenig & Longshore, of Colum-
biana, and J. B. Atkinson, of Clanton, for
appellant.

J. Q. Smith, Atty. Gen., and Horace Wil-
kinson, Asst. Atty. Gen., for the State.

MAYFIELD, J. Appellant was indicted
and convicted of murder in the first degree,
and sentenced to the penitentiary for life.

The statutes of this state have always re-
quired special venires for the trial of capital
cases. They have also required that the trial
court should, by orders of record, provide for
such special venires.

[1] While these statutes have from time to
time been changed, and some of the rigidity
of former jury laws has been removed by
amendment and construction, yet a compli-
ance with these provisions as to the orders
of the court in setting the day for trial, fix-
ing the number of jurors who shall constitute
the venire from which the jury shall be se-
lected, has been held to be mandatory,
though other provisions of the jury law are
directory only. These orders required by the
court, which must be of record, stand on dif-
ferent grounds from requirements of minis-
terial officers, such as service upon the de-
fendant by the sheriff of copies. This service
by the sheriff need not affirmatively appear,
because it is not necessarily a matter of
record; but the statutory orders of the court
as to the setting of the day for trial, fixing
the number of the special venire, and that a
copy of the indictment and venire be served
on the defendant, etc., are matters of record
proper, and must so appear.

This distinction was pointed out by this
court at an early date, and has been ever
adhered to. In the Spicer Case, 69 Ala. 162,
Somerville, J., said:

"True it was held in Paris' Case, 36 Ala. 232,
that in the absence of all objection by the de-
fendant, a judgment of conviction will not be
reversed because the record does not affirma-
tively show a formal arraignment of the prison-
er, and the service on him of a copy of the in-
dictment and a list of the venire. But the last
omission was the act of a ministerial officer,
and the first related to a preliminary proceed-
ing which could be waived by pleading to the
indictment. Fernandez v. State, 7 Ala. 511;
1 Bish. Cr. Proc. § 733. And while it was held
in the case of Aaron v. State, 39 Ala. 684, by
a divided court, and again in Taylor v. State,
42 Ala. 529, that in ordinary cases of felony
the record need not affirmatively show that the
prisoner was asked by the court, before sentence
was pronounced against him, if he had anything
to say in arrest of judgment, yet neither of
these were capital cases, and in Perry v. State,
43 Ala. 21, which was a capital case, the op-
posite conclusion was reached, and is probably
supported by the weight of authority. 1 Bish.
Cr. Proc. § 1118.

"We take the principle then to be reasonable
and sound that where, at least in every trial
for a capital offense, the statute peremptorily
requires some order to be made by the court,
which is of prime importance to a prisoner in
securing to him the constitutional guaranty
that the 'right of trial by jury shall remain
inviolate,' the action of the court in this re-
gard becomes an essential part of the record,
and must affirmatively appear to have been per-
formed. The forms of records are deeply seat-
ed in the foundations of the law, and as they
conduce to safety and certainty, they ought not
to be disregarded when the life of a human be-
ing is in question.'"

The record in this case is fatally defective
to support the judgment of conviction. It
wholly fails to show that the court fixed the
number of persons who should constitute the
venire for the trial. The court did enter an
order setting the day for the trial, and di-
recting that 20 special jurors be drawn and
summoned, and directed the sheriff to pre-
pare to serve on defendant a list of the regu-
lar jurors summoned for the week, with a
list of the special jurors drawn for the week.
But it nowhere appears how many regular
jurors were summoned for the week, nor does
it show that there were 30 of such regular
jurors. It would require that there should
have been 30 of the regular jurors, in order
that the special venire should have been 50,
the minimum number allowed.

If the record had shown, as it did in
Costello's Case, 176 Ala. 1, 58 South. 202, how
many regular jurors there were, and that that
number added to the number of special ju-
rors drawn made 50, and that the aggregate
number should constitute the special venire

for the trial of the case, then the conviction might be upheld, though it did not in terms name any certain number which should constitute the venire for the trial. The number could be easily ascertained by merely adding the number of the regular and special jurors which were affirmatively shown. That cannot be done in this case, for the reason the number of regular jurors for that week is not made to appear, nor is it made to appear that there was as many as 30, which was requisite to give the mimimum number of 50, which the statute requires. There are other defects and irregularities in the order which need not be mentioned.

The necessity of these orders as to venires in the trial of capital cases has been so often pointed out by this court, and it is so easy to comply therewith, and so many forms have been held by this court to be a sufficient compliance, until it does seem that trial courts and solicitors would see to it that the statutes and law in these important matters were complied with.

Great and serious complaint is made on this appeal that the jury box of Chilton county, from which the jurors were drawn, was not filled and kept in the manner and mode provided by law. As the case must be reversed as for the defect in the record, and as the box has evidently been refilled since the trial, it is unnecessary to pass on the question.

[2] As a matter of caution, however, it is not improper to say that jury commissioners should be careful to comply with the statutes on this subject. The law vests them with a discretion as to the names which should be placed in the box, but it also enjoins upon them duties, and they should not arbitrarily or negligently fail to comply with the statutes. We do not mean to intimate that there has been such arbitrary or negligent action in this case, but merely call attention to evils that might result if venires had to be quashed because the jury commissioners had failed to discharge the simple duties enjoined upon them.

The record in this case does show that there were placed in the jury box a very few names compared with the number of qualified jurors in the county. While the law does not require that the name of every person who is qualified or eligible for jury duty should be placed in the box, yet the jury commissioners should, in so far as they can reasonably do so, comply with the statute. The importance of complying with the statute as to filling the jury box with names from which venires are to be drawn has been discussed in the cases of Wilkins v. State, 112 Ala. 55, 21 South. 56; Steel v. State, 111 Ala. 32, 20 South. 648; Johnson v. State, 102 Ala. 12, 16 South. 99; West v. State, 118 Ala. 100, 24 South. 48.

For the error noted the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.