(114 So. 798)

### LEONARD v. STATE. (5 Div. 977.)

Supreme Court of Alabama. Dec. 15, 1927.

**1. Criminal law 994(1)—Entry or note of death sentence on trial docket held sufficient to authorize formal judgment rendered and entered on minutes of court in murder case.**

Entry or note of sentence on trial docket *held* sufficient in prosecution for murder in first degree to authorize formal judgment rendered and entered on minutes of court, where judgment pronounced and entered was of defendant's guilt pursuant to jury's verdict, and he was so adjudged and sentenced to death after due allocution; nothing being said by him sufficient to prevent and bar such sentence.

**2. Homicide 126—Compulsion which could have been avoided is not defense in murder case.**

In prosecution for murder in first degree, refusal of charge to acquit if defendant was acting under compulsion from a present, imminent, and impending danger *held* proper, where he could have avoided compulsion; homicide having been long considered by defendant and his confederate.

**3. Homicide 354—Compulsion which could have been avoided should not be considered in murder case as mitigation of punishment.**

In prosecution for murder in first degree, refusal of charge to consider, as mitigation of punishment, whether defendant was in danger of losing his own life unless crime was committed, *held* proper, where compulsion could have been avoided; homicide having been long considered by defendant and his confederate.

**4. Criminal law 1188—Case should be remanded for imposition of death penalty by electrocution, where, pending appeal, time set for sentence by hanging expired and electrocution was substituted by law.**

Where in murder prosecution time set for sentence by hanging had expired and law requiring execution by electrocution had become effective, case should be remanded to circuit court to have sentence pronounced under new law.

Appeal from Circuit Court, Elmore County; George F. Smoot, Judge.

Hays Leonard was convicted of murder in the first degree, and he appeals. Judgment affirmed; remanded for proper sentence.

The judgment entry on the trial docket, as shown by the record, is as follows:

"Sept. 11, 1926. Jury and verdict guilty of murder in first degree and his punishment fixed at death.

"Defendant in open court in person and by attorney is formally sentenced to be hanged by the neck until he is dead, and date of execution is fixed for Friday Oct. 22, 1926, and it is ordered that execution of sentence be performed in accordance with section 5296 et seq. of the Code.

"Defendant takes an appeal, and execution of sentence is suspended pending such appeal."

Charges A and B, refused to defendant, are as follows:

"The court charges the jury that, if you find from the evidence that the defendant was acting under compulsion from a present, imminent, and impending danger at the time the crime was committed, then you shall find the defendant not guilty."

"The court charges the jury that, if you find from the evidence that the defendant was in danger of losing his own life unless the crime was committed, then you may take this into consideration as a mitigation of his punishment."

Fred T. Farnell and C. S. Melton, both of Tallassee, for appellant.

To sustain a sentence and judgment of death, the record must affirmatively show that it was the act of the court pronouncing the sentence and judgment of the law. The judgment entry must be an actual judgment as distinguished from a memorandum. The record must affirmatively show allocution given. Gray v. State, 55 Ala. 86; Wells v. State, 19 Ala. App. 403, 97 So. 681; Wright v. State, 103 Ala. 95, 15 So. 506; Ball v. U. S., 140 U. S. 118, 11 S. Ct. 761, 35 L. Ed. 377; Coleman v. State, 20 Ala. App. 120, 101 So. 81; Shepard v. State, 20 Ala. App. 627, 104 So. 674; Presley v. State (Ala. App.) 113 So. 485. The refusal of charges A and B constituted reversible error. Arp v. State, 97 Ala. 5, 12 So. 301, 19 L. R. A. 357, 38 Am. St. Rep. 137; 16 C. J. 91.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

THOMAS, J. The defendant was tried and convicted under indictment for murder in the first degree, and the death penalty imposed.

The bench notes on the trial docket were pursuant to the verdict rendered and sufficient to warrant the formal judgment entered on the minutes of the court. The latter shows: The due indictment, arraignment,

venire, and trial on days regularly fixed by the court. The due orders and execution thereof on defendant of the venire and copy of the indictment. On the day fixed for and on which the trial was had, the prosecution was by the solicitor, and the defendant was present in his own proper person and attended by counsel. The issue was joined, the trial had, the jury duly and legally impaneled, sworn, and charged according to law, and, "upon their oaths do say, 'We, the jury, find the defendant guilty of murder in the first degree and fix his punishment at death. J. Talmage Nail, Foreman.' · Therefore it is the judgment and decree of the court that the defendant is guilty of murder in the first degree, and that his punishment should be and is hereby fixed at death as ascertained by the jury." That "again on the same day, September 11, 1926, comes the defendant into open court and was asked by the court if he had anything to say as to why the sentence of the law should not now be pronounced upon him, says nothing. Therefore it is the judgment and sentence of the court that the defendant, Hays Leonard, alias Haze Leonard, be, and is hereby, sentenced to hang by the neck until he is dead. It is the further order of the court that the date of the execution of this sentence be and is hereby fixed for Friday, October the 22d, 1926, and that the execution of this sentence be performed in compliance with section 5296 of the Criminal Code of this state." It is further recited in the judgment that due notice of appeal was given and taken by defendant, and that the judgment and sentence of the court was suspended pending his appeal.

[1] It is urged by counsel that the entry or note of the sentence on the trial docket was insufficient to authorize the formal judgment rendered and entered on the minutes. In this insistence counsel are in error.

The trial, shown to have been had according to the forms and requirements of the law, ·resulted in the verdict of the jury which was likewise sufficient under the evidence and requirements of law. It is now insisted on error as the judgment is entered, and on authority of Gray v. State, 55 Ala. 86, saying:

"It must appear affirmatively, as the act of the court, pronouncing the sentence of the law, that the defendant was adjudged to death. The sentence is not the act of the court: It is the judgment of the law the court is commanded to pronounce. At common law, the record of it commenced, 'It is therefore considered by the court;' and these words were accepted from long use, as peculiarly significant and expressive that the succeeding order or judgment was not the sentence of the judge, but of the law."

The judgment pronounced and entered was of defendant's guilt pursuant to the verdict of the jury, and he was so adjudged and sentenced after due allocution (Glass v. State, 203 Ala. 219, 82 So. 469; Perry v. State, 43 Ala. 21; Coleman v. State, 20 Ala. App. 120, 101 So. 81); nothing being said by him sufficient to prevent and bar the sentence.

[2, 3] There was no error in refusing defendant's charges A and B. In Arp v. State, 97 Ala. 5, 12 So. 301, 19 L. R. A. 357, 38 Am. St. Rep. 137, the holding was:

"Aside from the common-law rule that compulsion does not justify taking the life of an innocent person, an instruction to the jury that the deliberate killing of an innocent person under threats of impending peril to the slayer's life, proceeding from other parties, such as to take away his free agency, is excusable, is properly refused when it ignores evidence of an opportunity for him to escape after being informed that he must perpetrate the homicide."

The instant homicide had been long considered by defendant and his confederate, Bachelor, and protracted and repeated preparations made. The conspiracy, its execution and consummation, were of such duration, affording to defendant (if he so desired) ample opportunity to have withdrawn therefrom, or to flee from the scene of the contemplated crime and the seductive, persuasive, or compelling influence which defendant sought to set before the jury in justification or mitigation of his punishment; that is to say, under the protracted circumstances of conspiracy and preparation for the homicide, defendant had ample opportunity to have withdrawn therefrom, disclosed the contemplated crime and influence operating on him, or to have fled from his temptation or danger before proceeding to the point and time where and when he alleges that he was in imminent peril if he sought to withdraw from the commission of the crime by firing the fatal shot. His remaining as a party conspirator, or within the influence, scope, and operation of the conspiracy to commit the homicide was his criminal act, fault, or negligence, and, when he and the other conspirator, after several attempts, finally prepared and repaired to the scene of the crime, it was too late for defendant to urge in his defense or mitigation the duress or compulsion that by his own participation, fault, or negligence he had contributed and in a sense brought about. 16 C. J. 91, § 59, notes.

[4] It follows that defendant's judgment of conviction of guilty of murder in the first degree, and that fixing his punishment at death, pursuant to the verdict of the jury, be affirmed. The law having set aside the adjudged manner of the execution of his punishment at death by hanging, and it is now provided and required by law for the execution of such a sentence and punishment that it be by electrocution, and the date of his execution fixed by the circuit court having expired pending his appeal to this court, the case is remanded to the circuit court, where defendant will be required and brought in person to receive a proper sentence, as to the time, place, and manner of the execution, upon his person, of the death penalty by electrocution, as is now provided and required by law, and upon a day to be fixed by the circuit court and within the statutes made

and provided. Hall v. State, 216 Ala. 336, 113 So. 64, 66; Bachelor v. State, 216 Ala. 356, 113 So. 67.

The judgment of the circuit court is affirmed, and defendant's case is remanded for a proper sentence.

All the Justices concur.