William Lewis Rowe was convicted for first degree burglary and first degree rape. He was sentenced to two concurrent terms of life imprisonment as a habitual offender. On this appeal from those convictions, Rowe argues that evidence of his prior *Page 329 
convictions was improperly admitted at trial.
 Immediately before the State called its last witness in its case in chief, a hearing was held, outside the presence of the jury, to determine the admissibility of the defendant's prior convictions. The trial court held that "all of the prior rape convictions and sex related convictions of the defendant are admissible in evidence" based on that part of the case of Oglen v. State, 440 So.2d 1172, (Ala.Cr.App.), cert. denied, Ex parte Oglen, 440 So.2d 1177 (Ala. 1983), which he interpreted as holding that "prior convictions would be admissible evidence on the issue of consent."
 The State then called the Circuit Clerk of Tallapoosa County and introduced State's Exhibits Number 2, 3, and 4, identified only as "documents from the Superior Court of Fulton County." Although admitted into evidence, these exhibits have not been included in the record on appeal. Reference to the arguments concerning the admissibility of these exhibits at trial only discloses that the exhibits were identified as "two charges from January of 1972 where he was convicted of . . . aggravated assault with intent to rape" and "plea transcripts from the two 1979 convictions."
 The record contains no further mention of the defendant's prior convictions until the defendant himself took the witness stand and testified in his own defense. On direct examination of the defendant by his own attorney, the following occurred:
 "Q. Let me show you these State's Exhibits here showing where you had been convicted in Fulton County, Georgia, in 1972 and 1979. That is you; is that not correct?
"A. Correct.
 "Q. Now, you pled guilty to those charges; is that not correct?
"A. Correct."
 On cross-examination of the defendant by the assistant district attorney, the following transpired:
 "Q. Mr. Rowe, were you convicted of burglary in Fulton County, Georgia on June 12th, 1984?
"A. Yes, I was.
 "Q. And were you also convicted of larceny of an automobile and receiving stolen property in Fulton County, Georgia on December the 12th of 1966?
"A. Yes.
 "Q. And were you convicted of larceny — excuse me. Were you convicted of burglary in Fulton County, Georgia on August the 23rd, 1970?
"A. I believe I was.
 "Q. And were you convicted of rape in Fulton County, Georgia on January 31st, 1972?
"A. Yes.
 "Q. And were you convicted of aggravated assault with intent to rape on January the 31st, 1972 in Fulton County, Georgia?
"A. That was the same question you just asked me?
 "Q. Okay. And were you convicted of aggravated assault with intent to rape in Fulton County, Georgia on July the 24th, 1979?
"A. Yes.
 "Q. And were you convicted of aggravated sodomy on July the 24th, 1979 in Fulton County, Georgia[?]
"A. That was all the same case."
* * * * * *
 "Q. And you're presently serving time in the penitentiary for possession of a forged instrument?
"A. Correct."
There was no objection to this testimony.
This Court has considerable doubt about the propriety of the admission of the defendant's prior convictions. Anonymous v. State, 507 So.2d 972 (Ala. 1987), and Ex parte Cofer, 440 So.2d 1121 (Ala. 1983); Phillips v. State, 505 So.2d 1075,1078-79 (Ala.Cr.App. 1986); C. Gamble, McElroy's Alabama Evidence § 70.01(22) (3rd ed. 1977). The case of Oglen, supra, is factually distinguishable. However, we need not reach that issue.
Once the defendant took the witness stand, those prior convictions were admissible for purposes of impeachment. McElroy at § 145.01. Any error in the admission *Page 330 
of the prior convictions as part of the State's case in chief was reduced to harmless error when the defendant testified, without objection, on his own behalf and admitted those prior convictions. Ex parte Williams, 484 So.2d 503 (Ala. 1986). "A defendant cannot complain of the admission of improper evidence when he himself has testified to the same facts." Lewis v. State ex rel. Evans, 387 So.2d 795, 807 (Ala. 1980). It is of no "consequence that this testimony may have been incompetent at the time it was offered, if it was subsequently rendered [competent]." Hanners v. State, 147 Ala. 27, 41 So. 973, 975 (1906). "[W]hile, ordinarily, in the introduction of evidence, it should be competent at the time when offered, still, if rendered competent by the subsequent introduction of other evidence, this is sufficient to correct and cure any error that might otherwise have existed in the admission of the evidence first offered." Collins v. State, 138 Ala. 57, 34 So. 993, 994 (1903).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.